LINCOLN LABORATORIES, INC., a corporation, Plaintiff,

v.

SAVAGE LABORATORIES, INC., a corporation, Defendant.

Civ. A. No. 2220.

United States District Court
D. Delaware.

Oct. 18, 1960.

**142**

Edmund D. Lyons (of Morris, James, Hitchens & Williams), Wilmington, Del., for plaintiff; Cromwell, Greist & Warden, Chicago, Ill., of counsel.

Carl W. Mortenson, Wilmington, Del., for defendant; William L. Mathis (of Swecker & Mathis), Washington, D. C., and Fred C. Philpitt (of Estabrook & Philpitt), Washington, D. C., of counsel.

LEAHY, Senior District Judge.

Lincoln Laboratories, Inc. sues Savage Laboratories, Inc. for patent infringement, trademark infringement, and unfair competition. Defendant moves for a more definite statement under Federal Rule of Civil Procedure 12(e), 28 U.S. C.A. following § 2072.

 The trial court has discretion to grant or deny a motion for a more definite statement under Rule 12(e) where the pleadings are so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading.[1] The teaching of pleading embodied in the Federal Rules dictates the elimination of all pleading devices which simply permit strategic maneuvering by counsel.[2] Since the 12(e) motion is prone for implementation of barristerial shadow boxing, its exercise should be cast in the mold of strictest necessity. This view is supported by the rule's legislative history[3] and the mandates of Rules 1, 8(a) and 84.[4] It is not the function of 12(e) to provide greater particularization of information alleged in

---

1. 2 Moore's Federal Practice, 2d Ed. (1948), Par. 12.18, p. 2303.

2. 7 F.R.D. 449, The New Spirit In Federal Court Procedure, Goodman (1948); 8 F.R.D. 497, at page 500, Experience Under The Amendments of the Federal Rules of Civil Procedure, Clark (1949); 2 Moore's Federal Practice, 2d Ed. (1948), Par. 12.17, pp. 2278–2293.

3. 5 F.R.D. 433, 444 Advisory Committee Report (1946); 2 Moore's Federal Practice, 2d Ed. (1948), Par. 12.17, p. 2292.

4. Rule 1—" * * * They shall be construed to secure the just, speedy, and inexpensive determination of every action."

Rule 8(a)—"A pleading which sets forth a * * * claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends * * * (2) a short plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief to which he deems himself entitled. * * * "

Rule 84—"The forms contained in the Appendix of Forms are sufficient under the rules and are intended to indicate the simplicity and brevity of statement which the rules contemplate."

the complaint or which presents a proper subject for discovery. Where the information sought is not necessary to frame a responsive pleading, which might be a general denial or a disclaimer of knowledge of the alleged facts, a 12(e) motion should not be granted.[5]

■ 1. It follows that defendant's requests numbered 1 through 4 are denied.[6] They are proper subjects for discovery proceedings. Under Item 2, for example, only under Rule 30 may the court best provide for a sufficient protective order for the disclosure of "secret and confidential information". If, after utilization of the discovery procedures, it appears defendant may have a defense of laches or res judicata, the court may allow it to assert such defense (i. e., in an amendment to its answer) under the liberal amendment provisions of Rule 15.

■ 2. Item 5 of defendant's motion requests identification of each of the plaintiff's trade names and trademarks alleged to have been copied by the defendant.[7] This is a request proper under a 12(e) motion. Under the general complaint allegations it is necessary for defendant, in the instant case, to be informed of the specific trade names and trademarks which are claimed to have been infringed, in order for defendant to make a responsive pleading. Defendant should not be required to guess which of the plaintiff's 60 trademarks he is supposed to be infringing when it would be a simple matter for the plaintiff to specify his pleadings in this respect. Without proper information of the specific trademarks or trade names infringed, the defendant cannot, in good faith, answer the plaintiff's allegation with a general denial. The problem facing defendant is analogous to the patent infringement case in which a multiplicity of claims are alleged to have been infringed but the specific claims are not designated by the complaint. Courts in that instance have readily granted defendant's motion for a more definite statement.[8] It may be argued that such information is evidence which is the proper subject for discovery. To this contention it may be answered that the mere fact evidence will be elicited is not a bar to a 12(e) motion. Defendant at this point in the litigation does not seek evidence. Defendant wants, rather, the specific marks he is charged with purloining. Item 5 of defendant's motion should, therefore, be granted.

Submit order.

5. Establissements Neyrpic v. Elmer C. Gardner, Inc., D.C.S.D.Tex., 175 F.Supp. 355, 358.

6. Defendant's requests 1 through 4 are:
"1. Identification (as by brand name or composition) of each of the 'products' alleged (in paragraph 17 of Complaint) to have been diverted, copied or appropriated.
"2. Identification of each item of allegedly 'secret and confidential information' charged (in paragraph 17 of Complaint) to have been diverted, copied or appropriated.
"3. Identification of each of the 'promotion and sales techniques' alleged (in paragraph 17 of Complaint) to have been diverted, copied or appropriated.
"4. Identification of the overt acts of Defendant charged (in paragraph 17 of Complaint) as 'diverting, coppying, and/or otherwise improperly or unfairly appropriating * * * business good will created by Plaintiff * * *!'"

7. Item 5 of Defendant's motion requests:
"5. Identification of each of Plaintiff's trade names and trademarks alleged to have been copied by defendant."

8. J. D. Ferry Co. v. Macbeth Engineering Corp., D.C.M.D.Pa., 11 F.R.D. 75; Marvel Slide Fastener Corp. v. Klozo Fastener Corp., D.C.S.D.N.Y., 80 F.Supp. 366.