Earl Louis GOODCHILD, Jr., Plaintiff,

v.

Wilbur J. SCHMIDT, John C. Burke and Dr. George H. Klomburg, Defendants.

No. 66-C-2.

United States District Court
E. D. Wisconsin.

Jan. 9, 1968.

Earl Louis Goodchild, Jr. pro se.

C. Bronson La Follette, Atty. Gen., State of Wisconsin, Madison, Wis., for defendants.

DECISION AND ORDER

MYRON L. GORDON, District Judge.

Petitioner has filed this suit pro se and in forma pauperis, alleging that jurisdiction is based upon 28 U.S.C. § 2201. He claims a violation of his rights under the 8th and 14th amendments.

Petitioner is an inmate of the Wisconsin state prison at Waupun. He alleges that he is afflicted with an unknown dis-

ease or condition of the foot and that he has been unable to obtain adequate medical treatment at the prison. Furthermore, he avers that he is an honorably discharged veteran; that he has attempted to contact the veteran's administration in Washington, D. C.; but that his letters have been returned to him by prison officials with the explanation that no such communications are permitted.

The petition prays for the following relief: (1) an order which will permit petitioner to contact the veteran's administration; (2) a judgment "prohibiting the use of corporal or other punishment"; (3) an order prohibiting inadequate medical care, and requiring complete medical treatment by a bone specialist under court supervision; and (4) an order transferring petitioner to a federal penitentiary wherein such treatment can be made available. Petitioner also asks that any time spent in such federal penitentiary be counted as "good time" and as time spent in Wisconsin state prison.

The pleadings recite several instances of medical attention and treatment of petitioner's ailment. Beginning in 1957 and continuing up to July 1, 1965, petitioner complained of pains in his left foot and received various medical treatments, including x-rays, cortisone injections and Butazolidan, the latter being described as a potent anti-inflammatory agent used in the treatment of arthritis. In January, 1965, petitioner's shoes were hollowed out and a metatarsal bar inserted. On July 2, 1965, petitioner was admitted to the Waupun Memorial Hospital for surgical removal of a spur from the left os calcis, and he was hospitalized for twenty days. After the operation, petitioner complained that the pain was worse than before.

Petitioner claims that he received inadequate post-operative care. The respondent denies this and points to several post-operative examinations and treatments which were given petitioner, including whirlpool baths, x-rays and removal of an arch support and substitution therefor of a foam rubber heel pad.

Federal courts do not ordinarily interfere in matters of internal prison discipline and management, United States ex rel. Knight v. Ragen, 337 F.2d 425 (7th Cir., 1964), cert. den. 380 U.S. 985, 85 S.Ct. 1355, 14 L.Ed.2d 277, and prisoners lawfully confined to state prisons have no absolute right to use the mails. In regard to many of his civil rights and privileges, the prisoner must yield to the internal discipline of the prison. United States ex rel. Thompson v. Fay, 197 F.Supp. 855 (S.D.N.Y., 1961).

In the *Fay Case*, supra, the court intimated that a letter, the subject matter of which is protected by a "constitutional or other federal right" might create an exception to the above-mentioned general rule regarding use of the mails by prisoners and call for the exercise of equity powers to interfere with the administration of prisons. However, the letter in the case at bar was written to seek medical assistance, and the law is well settled that state prison officials have wide discretion as to the nature and extent of medical treatment of prisoners. Stiltner v. Rhay, 371 F.2d 420 (9th Cir. 1967), cert. den. Stiltner v. Washington, 386 U.S. 997, 87 S.Ct. 1318, 18 L.Ed. 2d 346; 387 U.S. 922, 87 S.Ct. 2038, 18 L.Ed.2d 977. In my opinion, the "other federal rights" referred to in the *Fay Case* were not intended to include the benefits made available by the veteran's administration.

The court concludes that it would be inappropriate to interfere with the state prison's regulation of petitioner's use of the mails.

Federal courts will not interfere with prison medical treatment as a matter of course. United States ex rel. Lawrence v. Ragen, 323 F.2d 410 (7th Cir., 1963). However, where exceptional circumstances exist, such as the total deprivation of essential medical care, federal courts may properly intervene. Coleman v. Johnston, 247 F.2d 273 (7th Cir., 1957); United States ex rel. Knight v. Ragen, supra. The record in the case at bar points to no evidence which would

bring petitioner's claim within the ambit of this rule. On the contrary, petitioner has on several occasions received medical care.

As for the petitioner's other claims, including his charge that his rights have been violated, the court is satisfied that the record amply establishes that such contentions are without merit.

It is therefore ordered that the petition be and hereby is dismissed.