**William James MILLER, Plaintiff,**

v.

**Edwin T. PURTELL, Sheriff, Milwaukee County, Wisconsin; Lieut. William Pat Lynch, of Milwaukee County Jail of Milwaukee, Wisconsin, Defendants.**

**Misc. No. 122.**

United States District Court
E. D. Wisconsin.

Aug. 28, 1968.

William James Miller, pro se.

David J. Cannon, Dist. Atty. for Milwaukee County, for defendants.

## OPINION AND ORDER

GRUBB, Senior District Judge.

William James Miller, who is confined in the Milwaukee County Jail, has submitted papers purporting to state a complaint under the Civil Rights statutes, together with an affidavit of indigency.

The gist of the complaint is directed at conditions at the Milwaukee County Jail allegedly constituting violations of plaintiff's constitutional rights. It is alleged that plaintiff has been confined since April 20, 1968; that he is placed in the punishment tier of the institution without cause; that he has been denied adequate medical treatment; that he is not allowed to clean his cell as are other inmates; that he is under constant threat of punishment in the form of physical attack; that he has been denied all privileges afforded other inmates such as the right to watch television on a regular basis; and that there has been censorship and interference with his mailing privileges. Plaintiff requests relief in the form of a surprise inspection and investigation of conditions and a direction that he be afforded adequate medical care and other appropriate relief.

■ This application is one of numerous complaints received by this court from inmates of the Milwaukee County Jail, generally indicating dissatisfaction with custodial conditions and regulations and apparently submitted under the misapprehension that this court has broad authority under the Civil Rights statutes to investigate and supervise the administration of state penal institutions. The remedy requested in this, as in the other applications, is in the nature of injunctive relief. Although a cause under the Civil Rights statutes is not subject to the condition of exhaustion of state remedies, Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), equitable relief under these statutes is available only where there is no adequate remedy at law and where there is a clear showing of violation of constitutional rights. See the discussion of the availability of the remedy under Section 1983, Title 42 U.S.C.A., in Potwora v. Dillon, 386 F.2d 74, 77 (2nd Cir. 1967).

■ Plaintiff has not shown that he has made any attempt, pro se, or by counsel representing him in the state criminal proceedings underlying the detention, to invoke the aid of state authorities or courts which should have the opportunity, in the first instance, to correct improper conditions of custody. This failure warrants denial of resort to the equitable remedy here requested.

■ Further, the submitted pleading lacks factual detail to support the claimed violations of constitutional rights. The allegations, if true, do not reveal such exceptional circumstances as would justify federal intervention in the internal affairs of the state custodial institution under the guise of protection of constitutional rights. See Douglas v. Sigler, 386 F.2d 684, 688 (8th Cir. 1967); Negrich v. Hohn, 379 F.2d 213, 215 (3rd Cir. 1967); United States ex rel. Atterbury v. Ragen, 237 F.2d 953 (7th Cir. 1956); Goodchild v. Schmidt, 279 F.Supp. 149 (E.D.Wis.1968), and authorities there cited.

■ Under these circumstances, authorization to proceed in forma pauperis is not warranted. Shobe v. People of State of California, 362 F.2d 545 (9th Cir. 1966), cert. denied 385 U.S. 887, 87 S.Ct. 185, 17 L.Ed.2d 115.

Now, therefore, it is ordered that leave to file the complaint in forma pauperis be, and it is hereby denied.