James J. KISH, Plaintiff,

v.

The COUNTY OF MILWAUKEE, Board of Supervisors for the County of Milwaukee and Edwin T. Purtell, Sheriff of Milwaukee County, Defendants.

John J. PINE, Jr., Plaintiff,

v.

The COUNTY OF MILWAUKEE, Board of Supervisors for the County of Milwaukee and Edwin T. Purtell, Sheriff of Milwaukee County, Defendants.

Nos. 69–C–129, 69–C–147.

United States District Court
E. D. Wisconsin.

Oct. 13, 1969.

Samson & Nash, by Robert E. Sutton, Milwaukee, Wis., for plaintiffs.

James J. Bonifas, Deputy Corp. Counsel, Milwaukee, Wis., for County of Milwaukee and Bd. of Sup'rs for County of Milwaukee.

Wickham, Borgelt, Skogstad & Powell, by Reuben W. Peterson, Jr., Milwaukee, Wis., for Edwin T. Purtell, Sheriff.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

There are motions to dismiss and to make more definite and certain by all three defendants. In addition, the defendant board of supervisors has moved to quash the summons.

Two different plaintiffs bring similar actions on nearly identical fact situations. The plaintiffs allege that while confined at the Milwaukee county jail they were physically assaulted by fellow prisoners; beaten, burned and sexually abused. Mr. Kish alleges that he was forced to perform six separate acts of oral sodomy on fellow prisoners.

The defendants are Milwaukee County, the board of supervisors of Milwaukee County, and the sheriff of Milwaukee County. The actions are brought under 28 U.S.C. § 1343 and 42 U.S.C. § 1983 for allegedly violating the plaintiffs' constitutional rights as guaranteed by the 8th and 9th amendments. The plaintiffs allege that the defendants and their agents had full knowledge of the conditions existing in the jail and failed to use reasonable care to protect the plaintiffs from injury.

The parties have agreed that the cause of action against the County of Milwaukee is to be dismissed.

The motions to dismiss by the board of supervisors and Mr. Purtell are for failure to state a cause of action upon which relief can be granted. Both defendants assert that no constitutional rights of the plaintiffs have been violated. 42 U.S.C. § 1983 states

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

Thus, in order for the plaintiffs to establish a cause of action, they must show that a constitutional right has been deprived them, and that the person responsible for the deprivation was acting under color of law.

The plaintiffs' argument under the 8th amendment is that the defendants caused the plaintiffs to be subjected to cruel and unusual punishment by their lack of action to protect the plaintiffs.

In deciding these motions, the court must assume the correctness of the plaintiffs' allegations that the defendants knew of the existence of the assaults. Can it then be said that by allowing these conditions to exist the defendants were in effect imposing this situation upon the plaintiffs? In Jordan v. Fitzharris, 257 F.Supp. 674, 680 (N.D.Calif.1966), the court said:

"However, when as it appears in the case at bar, the responsible prison authorities in the use of the strip cells have abandoned elemental concepts of decency by permitting conditions to prevail of a shocking and debased nature, then courts must intervene—and intervene promptly—to restore the primal rules of a civilized community in accord with the mandate of the Constitution of the United States."

In the *Jordan Case* the plaintiff was placed in a barren cell without light, fresh air, clothes or bedding, and with a bare minimum of sanitary facilities. By forcing the plaintiffs in the case at bar to remain in a cell with persons who physically abused them, the defendants may have violated the constitutional rights of prisoners as occurred in the *Jordan Case*. There is but slight dif-

ference in forcing a man to remain in a filthy, unsanitary cell and forcing one to remain in a cell where he will *knowingly* be abused by other prisoners. Robinson v. California, 370 U.S. 660, 676, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962). The plaintiffs have alleged sufficient facts to show a possible violation of their constitutional rights so as to withstand the motions for dismissal.

■ The second requirement, that of action under color of law, is also present. The defendants were acting in their capacity as governmental officials; even if they were acting beyond the scope of their power, it must still be said that they were acting under color of law. United States v. Classic, 313 U.S. 299, 61 S.Ct. 1031, 85 L.Ed. 1368 (1941).

The defendant board has advanced an additional reason why the motion to dismiss as to it should be granted. It alleges that it is not subject to suit under 42 U.S.C. § 1983. Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). The board of supervisors of Milwaukee County is a legislative body and such a unit of government may not be sued under the Civil Rights Act. Dodd v. Spokane County, 393 F.2d 330 (9th Cir., 1968); Johnson v. Hackett, 284 F. Supp. 933 (E.D.Pa.1968); Roberts v. Trapnell, 213 F.Supp. 47 (E.D.Pa.1962).

■ In the case at bar, the board is granted the authority to exercise the powers of the county by Wis.Stat. § 59.02. Accordingly, it is my opinion that the board is a unit of government which cannot be sued under § 1983. In Monroe v. Pape, supra, the court said (365 U.S. p. 187, 81 S.Ct. p. 484):

"For we are of the opinion that Congress did not undertake to bring municipal corporations within the ambit of § 1979 [42 U.S.C. § 1983]."

In view of the foregoing, it becomes unnecessary to rule on the board's motions to quash the summons and to make more definite and certain.

Sheriff Purtell has moved to make the complaint more definite and certain. This motion is made under rule 12(e), Federal Rules of Civil Procedure, which reads in part:

"If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, he may move for a more definite statement before interposing his responsive pleading. The motion shall point out the defects complained of and the details desired."

■ A motion under rule 12(e) is only to be granted when the pleading is so unintelligible that the movant cannot be expected to draft a responsive pleading. Moore's Federal Practice, 2d Ed., Vol. 2A, p. 2389 (1968). The court in Lincoln Laboratories, Inc. v. Savage Laboratories, Inc., 26 F.R.D. 141 (D.Del. 1960) held:

"It is not the function of 12(e) to provide greater particularization of information alleged in the complaint * * *. Where the information sought is not necessary to frame a responsive pleading, * * * a 12 (e) motion should not be granted."

■ It is my opinion that none of the items requested by the defendant are necessary for him to frame an answer.

## CONCLUSION

The result of the decisions on these motions is to allow a federal court to investigate the internal matters of a state penal institution. The court in United States ex rel. Knight v. Ragen, 337 F.2d 425, 426 (7th Cir. 1964), cert. den. 380 U.S. 985, 85 S.Ct. 1355, 14 L. Ed.2d 277 (1965), held:

"Except under exceptional circumstances, internal matters in state penitentiaries are the sole concern of the state and federal courts will not inquire concerning them."

This court cited that case with approval in Goodchild v. Schmidt, 279 F.Supp.

149 (E.D.Wis.1968), but both cases referred to internal discipline of the institutions, which is not at issue here. The allegations of the plaintiffs in the case at bar go far beyond mere discipline; that was also true in Jordan v. Fitzharris, 257 F.Supp. 674 (N.D.Calif.1966); Redding v Pate, 220 F.Supp. 124 (N.D.Ill. 1963); and Gordon v. Garrson, 77 F. Supp. 477 (E.D.Ill.1948), where the federal courts saw fit to examine the charges. If the facts alleged in the instant cases are true, they would constitute exceptional circumstances—circumstances which would warrant judicial investigation.

It is therefore ordered that the motions to dismiss by Milwaukee County and by the board of supervisors of Milwaukee County are granted, and the motions by Edwin T. Purtell to dismiss and to make more definite and certain be and hereby are denied.