UNITED STATES of America, Plaintiff,

v.

BOARD OF HARBOR COMMISSIONERS et al., Defendants.

Civ. A. No. 76–414.

United States District Court,
District of Delaware.

Jan. 25, 1977.

Kent Walker, Asst. U. S. Atty., Wilmington, Del., Michael D. Graves, Trial Atty., Dept. of Justice, Washington, D. C., for plaintiff.

William O. LaMotte, III, of Morris, Nichols, Arsht & Tunnell, Wilmington, Del., A. H. Wilcox of Pepper, Hamilton & Scheetz, Philadelphia, Pa., of counsel, for defendant North American Smelting Co.

H. James Conaway, Jr. and Sydney R. Chirlin, of Young, Conaway, Stargatt & Taylor, Wilmington, Del., for defendant The SICO Co.

Alan Bernard Scher, Asst. City Sol., Wilmington, Del., for defendants City of Wilmington, Port of Wilmington, Board of Harbor Commissioners, and Wilmington Marine Terminal.

LATCHUM, Chief Judge.

Defendants The SICO Company ("SICO") and North American Smelting Company ("NASCO") have moved pursuant to Rule 12(e), F.R.Civ.P., for a more definite statement on the ground that the complaint filed against them by the government is so vague and ambiguous that they are unable to frame a responsive pleading as required by Rule 7, F.R.Civ.P. In addition, a motion to dismiss the complaint pursuant to Rule 12(b), F.R.Civ.P., was filed by defendants City of Wilmington, Port of Wilmington, Board of Harbor Commissioners, and Wilmington Marine Terminal ("the City") on the ground that the government failed to comply with 10 Del.C. § 8124 which requires a notice of claim of any injury to person or property to be filed with the Mayor of Wilmington within one year of such injury as a prerequisite to recovery in any suit against the City or its subdivisions. For the reasons set forth below, the SICO and NASCO motions and the City's motion will be denied.

The complaint,[1] filed by the government on November 23, 1976, alleges in paragraph 11 that

"The defendants, and each of them, own and operate onshore facilities located on or near Wilmington Marine Terminal from which oil was discharged into the Delaware River during the period June 25 through November 27, 1973, or the defendants, and each of them, took actions which caused such oil to be discharged."

The discharge of oil into navigable waters of the United States is expressly prohibited by the FWPCA, 33 U.S.C. § 1321(b)(3), and

---

1. This court's jurisdiction is predicated on section 311(n) of the Federal Water Pollution Control Act Amendments of 1972 ("FWPCA"), 33 U.S.C. § 1321(n), and 28 U.S.C. § 1345.

the owner or operator of a facility responsible for the discharge of oil in or upon any navigable waterway can be held liable to the United States in the amount of any actual costs incurred for the removal of such oil. 33 U.S.C. § 1321(f)(2).

Defendants SICO and NASCO contend that paragraph 11 is deceptively vague because it fails to specify (1) which defendants are responsible for the alleged discharge of oil, (2) the amount of oil discharged and the removal costs incurred, and (3) the "actions" which are alleged to have caused the discharge. Therefore, before filing a responsive pleading, SICO and NASCO want the government to clarify paragraph 11 by including the foregoing details.

■ A motion for a more definite statement under Rule 12(e) is ordinarily restricted to situations where a pleading suffers from "unintelligibility rather than the want of detail." 2A Moore's Federal Practice ¶ 12.18[1] at 2389 (2nd ed. 1975). If the requirements of Rule 8 are satisfied and the opposing party is fairly notified of the nature of the claim, a Rule 12(e) motion is inappropriate. *Id.*; 5 Wright & Miller, Federal Practice & Procedure: Civil § 1376.

■ In this case, the complaint on its face can be fairly read to charge *each* of the defendants with owning or operating onshore facilities which discharged oil into the Delaware River, or that *each* of the defendants took actions causing such oil to be discharged. This allegation, together with the other averments in the complaint, fairly notifies defendants of the nature of the claim against them. Defendants' motion for a more definite statement is really an effort to "flesh out" the government's case;[2] as such it is a misuse of Rule 12(e).

2A Moore's Federal Practice ¶ 12.18[1] (2nd ed. 1975); 5 Wright & Miller, Federal Practice & Procedure: Civil § 1376 at 738. The evidentiary information they seek is more properly the subject of discovery under Rules 26 through 36. *Lincoln Laboratories, Inc. v. Savage Laboratories, Inc.*, 26 F.R.D. 141 (D.Del.1960). Accordingly, the SICO and NASCO motions for a more definite statement will be denied.

The City contends that it is not within the personal or subject matter jurisdiction of the Court and that it was improperly served with process because of the failure of the government to comply with the notice of claim provision in 10 Del.C. § 8124. In effect, the City argues that noncompliance with a state statute bars the federal cause of action.

■ However, this Court is required to abide by the "familiar doctrine that the prohibitions of a federal statute may not be set at naught, or its benefits denied, by state statutes or state common law rules." *Sola Electric Co. v. Jefferson Electric Co.*, 317 U.S. 173, 176, 63 S.Ct. 172, 173, 87 L.Ed. 165 (1942). The problem here concerns the enforcement in a federal court of a right under the FWPCA. Therefore, federal law, not state law, must control in determining the rules governing enforcement in a federal court of rights and remedies created by a federal statute.[3] *Holmburg v. Ambrecht*, 327 U.S. 392, 66 S.Ct. 582, 90 L.Ed. 743 (1946); *Laverne v. Corning*, 316 F.Supp. 629 (S.D.N.Y.1970) (New York statute relating to notice of claim against the municipality is no defense to action commenced under Federal Civil Rights Act); *S. & H. Grossinger v. Hotel & Restaurant Employees &*

---

**2.** Defendants' 12(e) motion might also be viewed as preparatory to a motion to dismiss. The majority of cases, however, have held this to be an improper use of Rule 12(e) which is designed to enable a litigant to answer, not to move for dismissal. *See, e. g., Leon v. Hotel Club Employees Union Local 6*, 26 F.R.D. 158 (S.D.N.Y.1960); *Harrington v. Yellin*, 158 F.Supp. 456 (E.D.Pa.1958); 2A Moore's Federal Practice ¶ 12.18[4] (2nd ed. 1975); 5 Wright & Miller, Federal Practice & Procedure: Civil § 1376 at 746.

**3.** As Justice Frankfurter observed in *Angel v. Bullington*, 330 U.S. 183, 192, 67 S.Ct. 657, 662, 91 L.Ed. 832 (1947):

"[W]here resort is had to a federal court not on grounds of diversity of citizenship but because a federal right is claimed, the limitations upon the courts of a State do not control a federal court sitting in the State."

*Bartenders International Union*, 272 F.Supp. 25 (S.D.N.Y.1967) (New York service of process rule cannot be asserted as bar to suit based on Labor Management Relations Act if service effected in accordance with Rule 4(d), F.R.Civ.P.).

Since the government seeks to vindicate a federally created right embodied in the FWPCA, the Delaware notice of claim statute is inapplicable. Accordingly, the City's motion to dismiss the complaint will be denied.

An order will be entered in accordance with this opinion.

