**LEUCADIA, INC., Plaintiff,**

v.

**APPLIED EXTRUSION TECHNOLOGIES, INC., Defendant.**

**Civ. A. No. 90–681–JLL.**

United States District Court,
D. Delaware.

Feb. 7, 1991.

Francis S. Babiarz of Biggs & Battaglia, Wilmington, Del. (James P. White of Welsh & Katz, Ltd., Chicago, Ill., of counsel), for plaintiff.

Charles S. Crompton, Jr. of Potter, Anderson & Corroon, Wilmington, Del. (James L. Sigel of Ropes & Gray, Boston, Mass., of counsel), for defendant.

### MEMORANDUM OPINION

LATCHUM, Senior District Judge.

Plaintiff Leucadia, Inc., a New York corporation with its principal place of business in New York, brings this action against defendant, Applied Extrusion Technologies, Inc. ("AET"), a Delaware corporation with its principal place of business in Delaware, seeking injunctive relief and damages in connection with AET's alleged misappropriation of Leucadia's trade secrets. *See* Complaint, Docket Item ["D.I."] 1 at ¶¶ 1–3. Both companies manufacture plastic netting products. *See id.* at ¶¶ 6, 9. The Court has diversity jurisdiction. 28 U.S.C. § 1332(a)(1).

Defendant AET filed two motions with the Court, one seeking dismissal of the

entire Complaint or Counts II and III of the Complaint pursuant to Rule 12(b) or in the alternative a more definite statement under Rule 12(e) (D.I. 9), and one requesting the Court to postpone Leucadia's discovery of AET pending Leucadia's identification of the trade secrets allegedly misappropriated by AET (D.I. 10). At an office conference on November 30, 1990, the Court ordered Leucadia to furnish AET sufficient details of its trade secrets, upon entry of an appropriate protective order, to enable AET to identify the information Leucadia claims was misappropriated (D.I. 12 at 22). AET agreed to respond to Leucadia's discovery within twenty days of receipt of Leucadia's trade secret information (D.I. 12 at 25).

On December 11, 1990, Leucadia filed under seal its itemization of trade secrets and list of measures used to protect the secrets (the "List") (D.I. 14). On December 14, 1990, AET renewed its motion for dismissal or a more definite statement and its motion for postponement of discovery, claiming that Leucadia's list still does not adequately identify the trade secrets at issue or the measures Leucadia used to protect them (D.I. 17).

On January 15, 1991, the Court heard oral argument regarding AET's motions, made a ruling from the bench (D.I. 21), and entered a written order (D.I. 22) which denied AET's motion to dismiss the Complaint in its entirety or for a more definite statement, but dismissed Count III of the Complaint and ordered Leucadia to amend its Complaint to consolidate Counts I and II. The Court also postponed Leucadia's discovery of AET to permit AET to conduct discovery of Leucadia to ascertain the trade secrets which AET allegedly misappropriated.[1]

### A. *Rule 12(b) and 12(e) Motions*

■ Leucadia's Complaint and its recently furnished itemization of trade secrets and list of measures used to preserve confidentiality are sufficient to meet the notice pleading standard of the Federal Rules of Civil Procedure. *See United States v. Board of Harbor Commissioners*, 73 F.R.D. 460, 462 (D.Del.1977); *Lincoln Laboratories, Inc. v. Savage Laboratories, Inc.*, 26 F.R.D. 141, 142 (D.Del.1960).

■ Courts are in general agreement that trade secrets need not be disclosed in detail in a complaint alleging misappropriation for the simple reason that such a requirement would result in public disclosure of the purported trade secrets. *See* Senio, *Protection of Trade Secrets in Litigation: Guarding Against the "Infinite Mischief" of Unrestricted Disclosure*, in 3 Milgrim on Trade Secrets App. I–1 at I–7 to I–8 (1978). For the same reason the Court did not order Leucadia to file a more definite statement specifying its trade secrets as such a pleading would also be a matter of public record.

■ Thus, the Court denied AET's motion to dismiss the Complaint or to order Leucadia to file a more definite statement. However, the Court agreed with AET that Counts II and III of the Complaint are duplicative of Count I. The first two counts of misappropriation of trade secrets are identical except that Count I seeks injunctive relief and Count II seeks damages, with an additional allegation of willfulness on defendant's part serving as the basis of a request for punitive damages. Essentially Leucadia makes one claim but seeks two forms of relief. Each prayer for relief does not give rise to a separate claim. *Cf.* Rule 8(a), Fed.R.Civ.P. The Court ordered Leucadia to amend the Complaint accordingly.

The Court also dismissed Count III of Leucadia's Complaint. Count III is a unfair competition/unfair trade or business practices claim based on the same factual allegations supporting the misappropriation of trade secrets claim. *See* D.I. 1 at ¶¶ 26, 27.[2] As such, Count III falls within the

---

1. This Memorandum Opinion sets forth the reasoning of the Court's January 15, 1991 bench ruling for purposes of publication.

2. Leucadia's counsel admitted at oral argument that the unfair competition claim is based on misappropriation of trade secrets. *See* Transcript, D.I. 26 at 27.

language of 6 *Del.C.* §§ 2007(a) and (b)(1) which provide that the statute "displaces conflicting tort ... law of this State pertaining to civil liability for misappropriation of a trade secret" but that it does not affect "civil liability or relief that is not based upon misappropriation of a trade secret." Given that the legislature's professed purpose in adopting the uniform act is to "make uniform the law with respect to" trade secrets, 6 *Del.C.* § 2008, the Court concluded that § 2007 was intended to preserve a single tort cause of action under state law for misappropriation as defined in 6 *Del.C.* § 2001(2) and thus to eliminate other tort causes of action founded on allegations of trade secret misappropriation.

### B. *Motion to Postpone Discovery*

AET's motion to postpone discovery pending Leucadia's disclosure of its trade secrets is essentially a Rule 26(c) motion for a protective order. In its brief, AET argues that the List produced by Leucadia fails to pinpoint the alleged trade secrets at issue. By way of illustration, AET contends that at least two of the "processes" appearing on the list involve patents which Leucadia cannot claim are trade secrets. *See* D.I. 17 at 9, 14. Leucadia does not deny the truth of AET's assertions but argues that AET can learn the details of its trade secrets through discovery. *See* D.I. 18 at 7–9.

While Leucadia's position might be a proper response to AET's motion for a more definite statement, it is unavailing in the discovery context. AET's motion seeks disclosure of Leucadia's trade secrets before AET is required to respond to Leucadia's discovery, some of which requires AET to reveal its trade secrets. As both this Court and the Delaware Court of Chancery have recognized, disclosure of plaintiff's trade secrets prior to discovery of defendant may be necessary to enable the defendant and ultimately the Court to ascertain the relevance of plaintiff's discovery. *See Struthers Scientific Int'l Corp. v. General Foods Corp.*, 51 F.R.D. 149, 154 (D.Del.1970); *Engelhard Corp. v. Savin Corp.*, 505 A.2d 30, 33 (Del.Ch.1986).

Because Leucadia's brief seems to concede that Leucadia has not described its trade secrets with particularity but has only provided enough information to enable AET to ascertain the trade secrets through discovery, the Court granted AET's motion for a protective order on the following terms and conditions. From Tuesday, January 15, 1991 until Friday, March 15, 1991, AET is free to conduct discovery of Leucadia to inquire into the details of Leucadia's trade secrets. After March 15, 1991, Leucadia may proceed with discovery of AET.

Although the Court viewed Leucadia's list of. measures designed to protect confidentiality of trade secrets as adequate for present purposes and, thus, did not consider its alleged insufficiency a reason for granting AET's motion for a protective order, AET's discovery of Leucadia between January 15 and March 15 may also seek more information about Leucadia's measures to protect trade secrets.