2000 SD 10

**Jim WEINS and Mac Meyer,
Plaintiffs and Appellees,**

v.

**Robert A. SPORLEDER, Defendant,**

and

**Merle Van Liere, and En–R–
G Max, Inc., Defendants
and Appellants.**

No. 20858.

Supreme Court of South Dakota.

Considered on Briefs Sept. 15, 1999.

Decided Jan. 26, 2000.

Rehearing Granted March 6, 2000.

David V. Vrooman, Sioux Falls, Rick Johnson of Johnson, Eklund, Nicholson, Peterson & Fox, Gregory, for plaintiffs and appellees.

Cheryle Wiedmeier Gering of Davenport, Evans, Hurwitz & Smith, L.L.P., Sioux Falls, for defendants appellants.

LEE D. ANDERSON, Circuit Judge.

[¶ 1.] Merle Van Liere (Van Liere) and En–R–G Max, Inc. (En–R–G Max) appeal the trial court's amended judgment reinstating an award of $440,000 in general damages, $200,000 in punitive damages, and costs to Jim Weins (Weins) and Mac Meyer (Meyer). We reverse and direct the trial court to enter judgment in favor of Van Liere and En–R–G Max.

### FACTS

[¶ 2.] The underlying facts of this case are set forth in *Weins v. Sporleder*, 1997 SD 111, 569 N.W.2d 16. In 1991 Weins and Meyer asserted claims for violation of a trade secret law against Robert Sporleder (Sporleder), Van Liere, and En–R–G Max as well as a claim for breach of contract against Sporleder. *Weins*, 1997 SD 111 at ¶ 11, 569 N.W.2d at 19. After a twelve-day trial the trial court submitted the following claims to the jury on behalf of Weins and Meyer: a breach of contract claim against Sporleder, and claims for misappropriation of a trade secret, breach of fiduciary duty, and fraud and deceit against Sporleder, Van Liere, and En–R–G Max. The jury found against Sporleder on all counts. The jury found that Van Liere and En–R–G Max had not breached any fiduciary duty, but did find against them on the trade secret and fraud and deceit claims. *Weins*, 1997 SD 111 at ¶ 12, 569 N.W.2d at 19.

[¶ 3.] The jury awarded compensatory damages to Weins and Meyer for $440,000 apportioned as follows: 50% Sporleder, 25% Van Liere, and 25% En–R–G Max. In addition, the jury awarded punitive damages against Sporleder in the amount of $100,000, against Van Liere for $50,000, and against En–R–G Max for $50,000. *Weins*, 1997 SD 111 at ¶ 13, 569 N.W.2d at 19.

[¶ 4.] After trial, Weins and Meyer filed motions seeking prejudgment interest and punitive damages. The trial court denied both requests. The trial court held that the tort claims asserted by Weins and Meyer were displaced by the Uniform Trade Secrets Act, SDCL 37–29–7.[1] It struck the punitive damages awarded by the jury on the tort claims. It also determined that punitive damages were not warranted under the Uniform Trade Secrets Act (SDCL 37–29–3(b)), because there had been no showing of willful and malicious misappropriation. The trial court entered judgment in favor of Weins and Meyer for $440,000.00 in compensatory damages, plus costs of $3,875.72.

[¶ 5.] Van Liere and En–R–G Max, Inc. moved for a new trial, or, alternatively, for judgment notwithstanding the verdict. The trial court denied these motions, resulting in the first appeal to this Court. There we held that no trade secret existed under the facts of the case and that even if a trade secret was involved, there was no misappropriation. We concluded, "the trial court erred when it denied the motions

---

1. SDCL 37–29–7 provides:

   (a) Except as provided in subsection (b), this chapter displaces conflicting tort, restitutionary and other law of this state providing civil remedies for misappropriation of a trade secret.

   (b) This chapter does not affect:

   (1) Contractual remedies, whether or not based upon misappropriation of a trade secret;

   (2) Other civil remedies that are not based upon misappropriation of a trade secret; or

   (3) Criminal remedies, whether or not based upon misappropriation of a trade secret.

for directed verdict and/or judgment notwithstanding the verdict." *Weins*, 1997 SD 111 at ¶ 29, 569 N.W.2d at 23. After concluding as a matter of law that Weins and Meyer did not have a trade secret, we stated "Due to our holding on the trade secret issue, we need not address the remaining issues in this case. We reverse and direct a judgment consistent with this opinion." *Weins*, 1997 SD 111 at ¶ 32, 569 N.W.2d at 24.

[¶ 6.] After remand to the trial court Weins and Meyer filed a motion to amend judgment. Van Liere and En–R–G Max sought dismissal of this motion claiming no proceedings were held within one year of this Court's decision, SDCL 15–30–16, making the motion untimely. The trial court denied the motion to dismiss. In addition, the trial court examined the Uniform Trade Secrets Act, SDCL 37–29–7. It concluded that since this Court found there was no trade secret, the jury's verdict based on the tort claims, including the fraud and deceit claims against Van Liere and En–R–G Max, should be reinstated.[2] The trial court entered an amended judgment reinstating the jury's original verdict.

[¶ 7.] Van Liere and En–R–G Max[3] appeal from the amended judgment in favor of Weins and Meyer and raise the following issues:

1. Did the trial court have jurisdiction to enter the amended judgment?
2. Was the amended judgment properly allowed pursuant to SDCL 37–29–7?

3. Did the trial court properly deny the motion to dismiss pursuant to SDCL 15–30–16?

4. Did Weins and Meyer waive any right to assert argument relied upon by trial court in entering the amended judgment?

## STANDARD OF REVIEW

[¶ 8.] Issues of jurisdiction may be raised by this Court sua sponte. *Bohlmann v. Lindquist*, 1997 SD 42, 562 N.W.2d 578. Whether the tort claims of Weins and Meyer were displaced by SDCL 37–29–7 is a conclusion of law which is reviewed de novo. *State, Div. of Ins. v. Norwest Corp.*, 1998 SD 61, 581 N.W.2d 158.

## ANALYSIS AND DECISION

[¶ 9.] **The trial court had jurisdiction to enter the amended judgment.**

[¶ 10.] Van Liere and En–R–G Max claim that the trial court lacked jurisdiction to enter an amended judgment. However, under SDCL § 15–30–14[4], the trial court does have jurisdiction to enter an order in accordance with this Court's ruling. Whether the decision is consistent with the ruling of this Court is a question that must be decided anew if there is an appeal. The fact that a trial court's amended judgment is inconsistent with the ruling of a higher court does not defeat

---

**2.** The trial court said:

Further, the Supreme Court found there to be no trade secret, reversed and direct[ed] a judgment consistent with their opinion. Based on the above line of cases and the comment to section 7, with there being no trade secret, the damages found by the jury, based on causes of action other than trade secret, are not inconsistent with SDCL 37–29–3 or SDCL 37–29–7. This court will enter a judgment for $440,000 on the jury verdict for breach of an oral contract and breach of a fiduciary or confidential relationship against Sporleder and for fraud and deceit against Robert Sporleder[,] Van Liere, and En–R–G Max, Inc. and reinstate the award of punitive damages of $200,000

as determined by the jury since based on the Supreme Court opinion there is no trade secret and thus no conflict with the punitive damages found by the jury.

**3.** Sporleder has not appealed the trial court's amended judgment.

**4.** SDCL 15–30–14 provides:

In all cases the Supreme Court shall remit its judgment or decision to the court from which the appeal was taken, to be enforced accordingly; and if from a judgment, final judgment, shall thereupon be entered in the court below in accordance therewith, except where otherwise ordered.

jurisdiction. Clearly, the trial court did have jurisdiction to enter an amended judgment. Whether the trial court's amended judgment was correct is the matter we take up now.

[¶ 11.] **The trial court's amended judgment was not proper since Weins' and Meyer's tort claims had been displaced by the Trade Secrets Act.**

[¶ 12.] Under the facts of this case, the causes of action for fraud and deceit are necessarily a part of the misappropriation of a trade secret claim. Thus, these tort remedies were displaced by the claims of Van Liere and En–R–G Max under the Uniform Trade Secrets Act, SDCL 37–29–7. The trial court recognized that these causes of action were displaced in its conclusions of law.[5] Recognition of this displacement rule is further bolstered by the trial court's decision to strike the punitive damages found by the jury. If the fraud and deceit claims were not displaced by the trade secret claim under the facts of this case, the trial court would have sustained the jury verdict including punitive damages on the fraud and deceit claims. The trial court did not do this. The trial court concluded that because the jury found for the plaintiffs on the trade secret claim, it was the court's duty under SDCL 37–29–3 to assess exemplary damages if it found the misappropriation was willful and malicious. The court refused to assess exemplary damages under this standard.

[¶ 13.] Even assuming these tort claims were not displaced by the rulings of the trial court, these tort claims are so inextricably linked to the trade secret claim that this Court must rule that they are displaced as a matter of law. The tort claims of Weins and Meyer in their second amended complaint were based on the following allegations:

a) Appropriation of the secret as their own:

b) Lying to Jim Weins and Mac Meyer by denying they were in the process of preparing to manufacture and market the trade secret;

c) Not divulging to Jim Weins and Mac Meyer that a corporation was being formed to manufacture and distribute EN–R–G MAX [the allegedly misappropriated trade secret];

d) Fighting the patent application of Jim Weins [which set forth the alleged trade secret];

e) Appropriating from Mitchell, S.D., the product used by Jim Weins, Mac Meyer, and Robert A. Sporleder and taking it to Crooks, S.D., for the purpose of manufacturing EN–R–G–MAX.

South Dakota's adoption of the Uniform Trade Secrets Act, SDCL 37–29–7, prevents a plaintiff from merely restating their trade secret claims as separate tort claims. In analyzing claims for the purpose of applying the displacement provision, the issue is not what label the plaintiff puts on their claims. Rather, the court is to look beyond the label to the facts being asserted in support of the claims. *Leucadia, Inc. v. Applied Extrusion Tech-*

---

**5.** In denying Wein's and Meyer's request for prejudgment interest and punitive damages following the jury verdict the trial court concluded:

12. Plaintiff's claims for fraud and deceit, and breach of fiduciary or confidential relationship are other civil remedies for misappropriation of a trade secret in that the elements required to prove these torts are within the elements of a misappropriation of trade secret under South Dakota law. Since a misappropriation of a trade secret was found by the jury, damages are only to be awarded for the misappropriation of a

trade secret, not the claims for fraud and deceit, breach of fiduciary duty.

13. The oral contract established a relationship demanding the exercise of proper care and acts and omissions in performance and gave rise to a duty in tort action for fraud and deceit and breach of fiduciary or confidential relationship, but did not exclude the preemption of the Uniform Trade Secret Act under SDCL 37–29—7(b)(1) or (2) or form a separate non-tort contract basis for punitive damages under SDCL 21–3–2.

*nologies,* 755 F.Supp. 635 (D.Del.1991). A plaintiff "may not rely on acts that constitute trade secret misappropriation to support other causes of action." *Ed Nowogroski Ins., Inc. v. Rucker,* 88 Wash.App. 350, 944 P.2d 1093, 1097 (1997).

[¶ 14.] In examining a plaintiff's claims to determine if claims are related, numerous courts have specifically found that tort claims such as fraud, unfair competition, and breach of fiduciary duty are preempted by the Uniform Trade Secret Act. *See, Leucadia,* 755 F.Supp. at 636–637 (claims of unfair competition and unfair trade or business practices claim were found to be displaced); *Ed Nowogroski Ins., Inc.,* 88 Wash.App. 350, 944 P.2d at 1097 (claims for misuse of confidential information and intentional interference were displaced by trade secrets act); *Composite Marine Propellers v. Van Der Woude,* 962 F.2d 1263 (7thCir.1992) (claims of unfair competition and breach of fiduciary duty were found to be displaced).

[¶ 15.] What the trial court did in amending judgment was to render SDCL 37–29–7(b)(2) meaningless. In effect, the trial court stated if a plaintiff's trade secret claim is dismissed, plaintiffs can simply pursue the same claim in the name of a tort. Courts should not construe a statute in such a way as to render the language meaningless. *See, Appeal of BHLS,* 1997 SD 64, 563 N.W.2d 429.

[¶ 16.] In analyzing the displacement provisions of the Uniform Trade Secrets Act the trial court cited a federal case from Minnesota, *Micro Display Systems, Inc. v. Axtel, Inc.,* 699 F.Supp. 202, 205 (D.Minn.1988):

Using this interpretation of 325C.07, the court will allow plaintiff to go forward and maintain its separate causes of action to the extent that the causes of action have "more" to their factual allegations than the mere misuse or misappropriation of trade secrets.

Clearly, if the causes of action as pled amount to "more" than misappropriation of a trade secret, the court should allow those tort claims to be presented to a jury. That was not the case here. Every claim by Weins and Meyer in their second amended complaint arises out of the alleged misappropriation of the trade secret. The factual basis of the tort claims of Weins and Meyer relate to allegations that Van Liere and En–R–G Max obtained information which amounted to a trade secret and took or misappropriated it for their own purposes when starting their own business. Under the facts of this case, the tort claims and the trade secret claims are inseparable. There may be other cases where a trade secret misappropriation is alleged and there is a further factual basis for fraud and deceit claims apart from the trade secret claim.[6] However, that is not the case with the tort claims of Weins and Meyer.

[¶ 17.] In deciding *Weins,* 1997 SD 111, 569 N.W.2d 16, this Court understood that the fraud and deceit claims had been displaced by the trade secret law, SDCL 37–29–7. If this Court had concluded otherwise it would have necessarily discussed the tort claims in its previous opinion. In the first appeal we found, "the trial court erred when it denied the motions for directed verdict and/or judgment notwithstanding the verdict." *Weins,* 1997 SD 111 at ¶ 29, 569 N.W.2d at 23. When this Court then stated, "[w]e reverse and direct a judgment consistent with this opinion[,]" we intended that a judgment in favor of the defendants would issue. *Weins,* 1997 SD 111 at ¶ 32, 569 N.W.2d at 24. For the reasons stated, the trial court misinterpreted this Court's prior decision.

---

6. *See Paint Brush Corp. v. Neu,* 1999 SD 120, 599 N.W.2d 384. The facts of this case are indicative of fraud and deceit claims that are separate from a misappropriation of trade secret claim. Here, there was evidence indicating defendants induced plaintiff to hire one of them as part of proposed purchase plan. *Id.* Hired defendant allegedly used position to misappropriate trade secrets. *Id.*

[¶ 18.] Due to our holding on the second issue, we need not address the remaining issues presented on appeal. We reverse and direct a judgment in favor of the defendants Van Liere and En–R–G Max.

[¶ 19.] MILLER, Chief Justice, and AMUNDSON, KONENKAMP and GILBERTSON, Justices, concur.

[¶ 20.] ANDERSON, LEE D., Circuit Judge, for SABERS, Justice, disqualified.