Gwen OWENS, Plaintiff,

v.

QVC, Defendant.

Civ.A. No. 00–5582.

United States District Court, E.D. Pennsylvania.

May 28, 2004.

Carol A. Mager, Mager, White & Goldstein, LLP, Philadelphia, PA, pro se.

Alan J. Rich, Baree N. Hassett, Law Offices of Alan J. Rich, New York City, Rachel Castillo Rosser, William H. Ewing, Eckert, Seamans, Cherin & Mellott, LLC, Philadelphia, PA, for Plaintiffs.

Christine A. Char, H. Robert Fiebach, Jeffrey I. Pasek, Julie G. Disalvio, Michelle Ann Ledo, Sarah E. Davies, Sarah A. Kelly, Thomas C. Zielinski, Cozen and O'Connor, Philadelphia, PA, for Defendants.

Charles M. Hart, Wolf, Block, Schorr and Solis–Cohen LLP, Michael J. Ossip, Morgan, Lewis & Bockius LLP, Johanna E. Markind, Law Offices of Daniel B. Markind, Philadelphia, PA, for movants.

## MEMORANDUM

EDUARDO C. ROBRENO, District Judge.

Before the court is Ms. Mason's motion to either quash or modify a subpoena to appear as a witness at trial. Ms. Mason argues first that complying with the subpoena would require her to disclose privileged information and secondly that complying with the subpoena would subject her to an undue burden. In the alternative, Ms. Mason asks that her testimony be permitted in camera. For the reasons that follow the motion will be denied.

### I

On May 2nd, 2002, Ms. Mason was deposed by the Plaintiff's counsel, Alan Rich, Esquire. At the time of the deposition Mr. Rich did not represent Ms. Mason; however, counsel had represented Ms. Mason previously in matters concerning this litigation.[1]

---

1. Ms. Mason, who was considering joining a class action suit against QVC, retained Mr. Rich from approximately August 25th, 1999 until October 28th, 2001. Ultimately, she declined to participate as a named Plaintiff. She is currently

Ms. Mason argues that Mr. Rich has the benefit of confidential communications with her. She claims those communications are protected by the attorney client privilege and she does not want them disclosed. Plaintiff asserts that Ms. Mason has waived the privilege.

On Jan 14th, 2002, counsel for Ms. Mason at the time, wrote a letter to Mr. Rich, stating "this letter also confirms that we have rethought our position on the attorney client privilege claims asserted January 9. Lisa has decided to answer your questions to the best of her ability and not assert privilege." (Mason Dep. Ex. 21.) Then at the Jan 16th deposition, Mr. Rich asked Ms. Mason "I think we can stipulate that this is a fax from Deirdre Agnew (counsel for Ms. Masons at the deposition) to me, and it represents that you're waiving any possible attorney client privilege with regard to the deposition?" (Jan 16th, 2002 Mason Dep. Tr. at 5.) Ms. Mason answered "That's correct." (Dep. Tr. at 5.) Mr. Rich then asked "And you discussed that matter with Ms. Agnew before you came to that decision, correct?" (Dep. Tr. at 5–6.) Ms. Mason answered "That's correct, yes." (Dep. Tr. at 6.) Ms. Mason then went on to answer all the questions asked without objection. During the course of the deposition Ms. Mason disclosed, inter alia, the subject matter and content of conversations she and Mr. Rich had when he was still her lawyer.

## II

■ The attorney client privilege is one of the "oldest of the privileges for confidential communication known to common law." *Upjohn Co. v. U.S.,* 449 U.S. 383, 389, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981). The purpose of the privilege is to encourage clients to make full disclosures to their attorneys. *Fisher v. U.S.,* 425 U.S. 391, 403, 96 S.Ct. 1569, 48 L.Ed.2d 39 (1976). However, since the privilege may keep relevant information from the factfinder, it "applies only where necessary to achieve its purpose." *Id.* When a client

voluntarily discloses privileged communications to a third party, the attorney client privilege is waived. *Westinghouse Elec. Corp. v. Republic of Philippines,* 951 F.2d 1414 (3d Cir.1991).

■ At her deposition, Ms. Mason disclosed privileged communications to a third party i.e., all persons present at the deposition.[2] Because she disclosed the communication to third parties, Ms. Mason waived her right to keep her previous communications with Mr. Rich confidential. *See Westinghouse Elec. Corp.,* at 1414; *Murray v. Gemplus International,* 217 F.R.D. 362, 366 (E.D.Pa.2003).

Ms. Mason contends, however, that her waiver was not voluntary because she did not have sufficient knowledge as to the scope of her waiver. The argument has no merit. Ms. Mason was represented by counsel, the waiver was clear and unequivocal, and she answered all questions propounded by Mr. Rich at the deposition without objection.

■ Alternatively, Ms. Mason argues that testifying at trial would cause her undue burden. To establish undue burden, the movant must show that compliance with the subpoena would be unreasonable and oppressive. *Composition Roofers Union Local 30 Welfare Trust Fund v. Graveley Roofing Enterprises, Inc.,* 160 F.R.D. 70, 73 (E.D.Pa. 1995). Being placed in an "awkward position vis-a-vis the public, her career, and her employer" is not sufficient hardship to justify quashing the subpoena. Ms. Mason's testimony will not involve subject matters intended to embarrass or harass her, but rather will relate to her knowledge of comments made by her superiors while working at QVC. For the court to accept Ms. Mason's justification for avoiding her duty to testify at trial would offend the time honored principle that under our system of justice every litigant is entitled to another person's relevant and non privileged testimony in a judicial proceeding.

represented in this motion by Johanna Markind, Esquire.

**2.** Mr. Rich contends that Ms. Mason also disclosed the confidential information to numerous people, but he fails to provide a factual basis for his assertion.

■ Neither does Ms. Mason's predicament qualify as an exceptional circumstance permitting Ms. Mason to testify in camera.[3] The assertion that Ms. Mason's status as a public personality states an exceptional circumstance is not supported by the authority cited by the movant. Furthermore, Ms. Mason is not a minor, and rulings allowing minors to testify in camera do not apply to her. 42 Pa. C.S.A. § 5985.[4]

### III

Ms. Mason's motion to quash or modify the subpoena will be denied because she waived her attorney/client privilege in regards to communication with Mr. Rich. Nor has Ms. Mason shown a sufficient hardship or exceptional circumstances permitting her either to be excused from testifying or providing for her testimony in camera.

### ORDER

AND NOW, this 27th day of May, 2004, upon consideration of the motion to quash or modify a subpoena (doc. no. 248) and the Plaintiff's response, it is hereby **ORDERED** that the motion is **DENIED**.

**AND IT IS SO ORDERED.**

---

3. Petitioner relies upon state law authority on the question of privilege. Because this case is not governed by state law, as to any element of the claim or defense, the federal law of privilege applies. *See* Fed.R.Evid. 501.

4. In any event, The access to court doctrine may well bar the court from acceding to the request. *See Publicker Industries, Inc. v. Cohen,* 733 F.2d 1059 (3d Cir.1984).