**COMPOSITION ROOFERS UNION LOCAL 30 WELFARE TRUST FUND, et al., Plaintiffs,**

v.

**GRAVELEY ROOFING ENTERPRISES, INC., Defendant.**

No. 93–CV–2759.

United States District Court,
E.D. Pennsylvania.

March 7, 1995.

Susan A. Murray, Sagot, Jennings & Sigmond, Philadelphia, PA, for plaintiffs.

Kenneth R. Schuster and Anthony Carrozza, Media, PA, for defendant.

## MEMORANDUM AND ORDER

JOYNER, District Judge.

We address today a Motion to Quash Subpoena filed by Jackel Services Corporation and Kathryn A. Graveley (the "movants").

For the reasons that follow, the Motion will be denied.

## I. BACKGROUND

The plaintiffs in this action are a number of labor unions, trust funds, and employee benefit plans representing roofers and sheet metal contractors, as well as their trustee. On May 24, 1993, plaintiffs initiated this lawsuit under the Employee Retirement Income Security Act of 1974 ("ERISA") and alleged that the defendant, Graveley Roofing Enterprises, Inc. ("Graveley Roofing"), failed to remit monthly benefit contributions as required by the pertinent collective bargaining agreements. On February 4, 1994, this Court entered an order granting Summary Judgment in favor of each Plaintiff against Defendant. The Order directed Defendant to make available its payroll books and records to determine the amount of delinquent contributions due to Plaintiffs.

On June 24, 1994, Plaintiffs conducted the deposition of Michael Graveley, the president of Graveley Roofing. Mr. Graveley testified that Graveley Roofing had subcontracted work to Jackel Services Corporation ("Jackel"), one of the movants here. The collective bargaining agreements prohibit the subcontracting of work to a non-union company. As a result, Plaintiffs assert, and Defendants do not otherwise contend, that Plaintiffs are entitled to contributions from Graveley Roofers for work performed by union members on behalf of Jackel. Plaintiffs attempted to obtain information from Defendant regarding the subcontracting of work to Jackel on two occasions. Finally, at a civil contempt hearing on October 3, 1994, Defendant provided a list of documents in its possession, but the list did not contain information regarding contracts or payroll concerning the projects subcontracted to Jackel.

Since Graveley Roofing failed to produce records evidencing contracts with Jackel, Plaintiff served the movant, Kathryn A. Graveley, the secretary of Jackel Services, with a subpoena on December 5, 1994.[1] The

1. Kathryn Graveley is the secretary of Jackel. She is a former employee of Graveley Roofing, and is married to Robert Graveley. Robert and Michael Graveley are brothers. Jackel's remaining officers are Susan Graveley, Marcella Graveley, and Joseph Graveley, all of whom are related, either by blood or marriage, to Graveley Roofing's officers.

subpoena commanded her to appear for a deposition and directed her to produce any documents in Jackel's possession, including business records, contracts, payroll records, and tax forms reflecting work received by or subcontracted to Jackel from Graveley Roofing. The subpoena directed Ms. Graveley to appear on January 12, 1995.

Rather than comply with the subpoena, the movants filed this Motion to Quash the Subpoena on January 11, 1995, raising four arguments to support their Motion. The movants first contend that the subpoena imposes an undue burden and expense. Second, the movants claim that the subpoena requests disclosure of confidential communications and irrelevant records. Third, the movants contend the subpoena fails to allow for a reasonable time for compliance. Finally, the movants claim the subpoena is too broad and sweeping. Since we conclude that none of the contentions raised are meritorious, we will deny the motion.

## II. DISCUSSION

### A. Undue Burden

■ The movants contend that the subpoena imposes an undue burden in that Ms. Graveley has no personal knowledge of the matters at issue and the information can be more easily obtained from Defendant. Fed. R.Civ.P. 45(c)(3)(A)(iv) authorizes a court to quash a subpoena if it "subjects a person to an undue burden." Accordingly, a District Court may quash or modify a subpoena if it finds that the movant has met its heavy burden of establishing that compliance with the subpoena would be "unreasonable and oppressive." *Heat & Control, Inc. v. Hester Indus., Inc.*, 785 F.2d 1017, 1023 (Fed.Cir. 1986) (citation omitted). Thus, to prevail here, the movants must show that the subpoena subjects Ms. Graveley to an undue burden.

■ At the outset, we note Ms. Graveley's claim that she lacks personal knowledge as to the subpoenaed information does not compel us to rule in her favor. In *Manning v. Mars, Ltd.*, No. CIV.A. 85–1271, 1986 WL 783 (E.D.Pa. Jan. 10, 1986), a case involving injuries allegedly sustained while aboard a ship, the court held that the "mere fact that [the witness] ha[d] no personal knowledge concerning plaintiff's accident [did] not mean that he [did] not have information which would aid plaintiffs in discovery." *Id.* at *2. Thus, Ms. Graveley's contention that she has no personal knowledge is of no moment. It is enough that she, as Jackel's secretary, possesses records concerning agreements between her company and Graveley Roofing. Moreover, the information Plaintiffs requested cannot be more easily obtained from Defendant. As noted above, Plaintiffs have tried repeatedly to obtain the information from Defendant, without success. Thus, the movants' contention that Plaintiffs can obtain the information more easily from Defendants is without merit. We conclude that the movants have failed to meet their burden of showing that the subpoena is oppressive.

### B. Confidential Commercial Information

■ The movants contend that Plaintiff's subpoena should be quashed because it requires the disclosure of confidential commercial information. Specifically, they argue that these documents contain confidential commercial information regarding contract rates used by Jackel to calculate bids on construction jobs.

■ Rule 45(c)(3)(B)(i) authorizes the court to quash, modify, or condition a subpoena from unnecessary or unduly harmful disclosures of confidential information. Courts have employed a balancing test in deciding such issues, weighing the moving party's interest in privacy against the non-moving party's interest in full disclosure. *Musicom Int'l, Inc. v. Serubo*, No. CIV.A. 94–1920, 1994 WL 410818, at *2 (E.D.Pa. Aug. 5, 1994). The movant must establish that the information sought is confidential and that its disclosure might be harmful. *Heat & Control*, 785 F.2d at 1025. Further, the movants must show, with specificity, that disclosure will work a clearly defined and serious injury to the moving party. *Musicom*, 1994 WL 410818, at *2.

While the movants assert that the subpoena would require disclosure of confidential contract and bidding information, they have failed to show that some specific injury would

result from its disclosure. Indeed, the movants' contention that this information could be more easily obtained by Defendant raises questions as to whether this information is confidential in the first instance. Finally, the information sought by Plaintiff is relevant to the extent it will document agreements between Graveley Roofing and Jackel, and will assist Plaintiff in calculating the amount of damages to which Plaintiffs are entitled. As a result, we find that the movants have not met the burden of demonstrating specific injury; and further, that the information is necessary and relevant in order for Plaintiffs to calculate damages owed by Defendant.

### C. Scope of the Subpoena and Time to Comply

The movants contend that Plaintiff's subpoena does not specify the relevant time period and does not allow Ms. Graveley and Jackel Services sufficient time to gather, review, and organize the requested documents. Rule 45(C)(3)(A)(i) provides that a court shall quash or modify a subpoena when it "fails to allow reasonable time for compliance." Ms. Graveley was served with the subpoena on December 5, 1994, which required her to produce the documents on January 12, 1995. This afforded the movants 37 days to produce the documents. Further, the relevant time period is ascertainable and manageable. Jackel Services incorporated in May 1992 and ceased operations in December 1993. Thus, the subpoena is limited in scope to a 20 month time frame. We conclude that the movants had a sufficient amount of time in which to produce the documents, and that the subpoena is not unduly broad in scope, as it relates to a limited time frame.

### III. CONCLUSION

The movants have failed to demonstrate that the subpoena at issue would burden them unduly. As a result, we must deny their Motion to Quash.