TRANSCOR, INC., Plaintiff/Counter–Defendant,

v.

FURNEY CHARTERS, INC., d/b/a Travelers Express, Defendants/Counter–Plaintiff.

No. 02–MC–404–RDR.

United States District Court,
D. Kansas.

Jan. 28, 2003.

Terrence J. Campbell, Barber, Emerson, Springer, Zinn & Murray, LC, Lawrence, KS, for Plaintiff.

J. Brett Milbourn, R. Keith Johnston, Walters, Bender, Strohbehn & Vaughan, P.C., Kansas City, MO, for Defendant.

### MEMORANDUM AND ORDER

RUSHFELT, United States Magistrate Judge.

Pending before the Court is the Motion of Furney Charters, Inc. for an Order Quashing or Modifying Subpoenas Served by Transcor in Kansas or, in the alternative, for a Protective Order (doc. 1). This matter arises from issuance of subpoenas from the District of Kansas to the Kansas State Bank in Manhattan, Kansas and the First National Bank of Wamego, Kansas. Plaintiff Transcor, Inc. ("Transcor") commenced the underlying action in the United States District Court for the Middle District of Florida. Plaintiff seeks damages and injunctive relief for alleged violations of the parties' written agreement for non-competition and non-solicitation and a 60–day Notice of Termination provision. For the reasons set forth below, the Motion for Order Quashing or Modifying Subpoenas (doc. 1) is granted in part.

## I.  Relevant Factual Background

Plaintiff Transcor, a Florida corporation engages in the business of arranging transportation services for military applicants. Defendant Furney Charters, Inc. d/b/a Travelers Express ("Furney Charters"), a Kansas corporation, provides ground transportation services to Transcor's customers in a defined geographical region, primarily Kansas, Missouri and Texas. In its Complaint Transcor alleges that Furney Charters violated the non-competition, non-solicitation, and termination notice provisions of their agreement in two respects: operating "Ticket Express" or "TicketExpressOnline.com," a ticket issuing and payment medium, to compete with Transcor; and by soliciting business in the geographic region previously serviced by Furney Charters as a Transcor carrier. Furney Charters asserts a counterclaim. It alleges, *inter alia,* that it suffered damages for Transcor's failure to ensure a complete and accurate accounting for all ticket sales and to remit a substantial amount of proceeds from such sales. Furney Charters claims that this breach forced it to contact the First National Bank of Wamego to obtain advances against its accounts receivable to cover a cash short-fall.

In August 2002, Transcor served subpoenas for the production of documents on the records custodians of the Kansas State Bank in Manhattan, Kansas, and the First National Bank of Wamego, Kansas. Both banks served written objections to the subpoenas pursuant to Fed.R.Civ.P. 45(c) within fourteen days. Thereafter, on September 11, 2002, Furney Charters served and filed the instant motion to quash or modify the bank subpoenas.

In its Reply in Support of its Motion (doc. 6) filed on December 16, 2002, Furney Charters advises the Court that, due to informal efforts to resolve the dispute, the only document requests remaining at issue are three requests to the First National Bank of Wamego. Those requests seek records relating to accounts of Furney Charters. It states, furthermore, that the dispute concerning the subpoena served on the First National Bank of Wamego has been effectively narrowed to the issue of whether documents relating to Furney Charters' operational checking account and payroll account should be produced. Based upon this representation, the Court will restrict its rule to those issues.

## II.  Discussion

### A.  Standing

As an initial matter, the Court considers whether defendant Furney Charters has standing to move to quash or otherwise object to the bank subpoenas at issue. Generally, only the party or person to whom the subpoena is directed has standing to move to quash or otherwise object to a subpoena.[1] "A motion to quash or modify a subpoena duces tecum may only be made by the party to whom the subpoena is directed except where the party seeking to challenge the subpoena has a personal right or privilege with respect to the subject matter requested in the subpoena."[2]

---

1.  *Hertenstein v. Kimberly Home Health Care, Inc.,* 189 F.R.D. 620, 635 (D.Kan.1999).

2.  *Id.* (quoting *Smith v. Midland Brake, Inc.,* 162 F.R.D. 683, 685 (D.Kan.1995)).

■ Applying this rule, the Court finds that defendant Furney Charters has a personal right with respect to its bank account records at the subpoenaed banks, and this right gives it standing to move to quash the subpoenas.

### B. Relevancy Objection

The Court next addresses Furney Charters' relevancy objection to the production of bank records relating to its operational and payroll accounts. Furney Charters argues that neither the operational details of its business nor its payroll has anything to do with the damages either party is seeking in this litigation. Furney Charters contends that the damages at issue in the underlying case relate solely to the receipt and payment of tickets for transportation of military recruits, all of which may be determined by the documents relating to the First National Bank of Wamego "Visa Account," "Savings/Reserve Account for Business Manager Account," and "Business Manager Tracking Account."

■ Fed.R.Civ.P. 45 does not include relevance as an enumerated reason for quashing a subpoena. It is well settled, however, that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26(b)[3] and Rule 34.[4] Thus, the court must examine whether a request contained in a subpoena duces tecum is overly broad or seeking irrelevant information under the same standards set forth in Rule 26(b) and as applied to Rule 34 requests for production.[5]

■ Relevancy is broadly construed, and a request for discovery should be considered relevant if there is "any possibility" that the information sought may be relevant to the claim or defense of any party.[6] A request for discovery should be allowed "unless it is clear that the information sought can have no possible bearing" on the claim or defense of a party.[7] When the discovery sought appears relevant on its face, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Rule 26(b)(1), or (2) is of such marginal relevance that the potential harm the discovery may cause would outweigh the presumption in favor of broad disclosure.[8] Conversely, when relevancy is not apparent on the face of the request, the party seeking the discovery has the burden to show the relevancy of the request.[9]

■ Applying these principles, the Court finds that the requests for Furney Charters' operating account and payroll account documents at the First National Bank of Wamego do not appear relevant on their face. Transcor, as the party seeking discovery, has the burden to demonstrate their relevancy.

■ Transcor claims the subpoenaed bank account information is relevant because it is intended to show whether there is any financial relationship between Furney Charters and Ticket Express, the agent which Furney Charters allegedly created to compete with it in violation of the non-competition and non-solicitation provisions of their

---

**3.** Fed.R.Civ.P. 26(b) provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party.... Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

**4.** *See* Fed.R.Civ.P. 45(d)(1) advisory committee's note to the 1970 Amendment (the 1970 amendments "make it clear that the scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules."). *See also* 9A Charles A. Wright and Arthur R. Miller, *Federal Practice and Procedure* § 2459 (2d ed.1995) (scope of discovery through a subpoena is "exceedingly broad" and incorporates the provisions of Rule 26(b) and Rule 34).

**5.** *See Phalp v. City Of Overland Park, Kan.,* No. 00–2354–JAR, 2002 WL 1162449, at *3–4 (D.Kan. May 8, 2002) (applying general principles of overbreadth and relevance to subpoena duces tecum).

**6.** *Sheldon v. Vermonty,* 204 F.R.D. 679, 689–90 (D.Kan.2001) (citations omitted).

**7.** *Id.* (citations omitted).

**8.** *Scott v. Leavenworth Unified Sch. Dist. No. 453,* 190 F.R.D. 583, 585 (D.Kan.1999).

**9.** *Steil v. Humana Kansas City, Inc.,* 197 F.R.D. 442, 445 (D.Kan.2000).

1994 agreement. Transcor also claims that Furney Charters' financial status throughout its relationship with Transcor has been placed at issue in this litigation by both parties. Transcor points to its seeking damages measured by commissions on all transportation tickets sold by Furney Charters during the 60–day notice of termination period.

Transcor also claims that Furney Charters provided it with several homemade, uncertified financial statements that identify and invite inspection of its bank accounts, relating to an alleged offer to sell itself to Transcor for $7 million dollars. Transcor alleges that Furney Charters provided this financial and banking information, which specifically referred to multiple bank accounts at both the First National Bank of Wamego and the Kansas State Bank, without any designation that it was confidential and without any restrictions.

The Court holds that Transcor has met its burden to demonstrate how Furney Charters' *operating* bank account documents would be relevant. Transcor has not adequately shown relevancy, however, for the *payroll* bank account documents. The Court, therefore, sustains the motion to quash or modify the subpoena to the extent it seeks' *payroll* account documents.

### C. Confidential Information Objection

Furney Charters also objects to production of bank records relating to its operational and payroll accounts upon grounds their disclosure would unfairly provide Transcor with important, confidential information about its business and operational practices when Transcor is attempting to interfere and/or compete with its business. It argues that production of its operational and payroll bank account documents would put it at a competitive disadvantage with Transcor, as

well as any other carrier with whom Transcor may be working.

Federal Rule of Civil Procedure Rule 45(c)(3)(B)(i) provides that the court may quash or modify a subpoena if the subpoena requires disclosure of "a trade secret or other confidential research, development, or commercial information." The court also may order production upon specified conditions if "the party in whose behalf the subpoena was issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated."[10] Although the Federal Rules of Civil Procedure do not define the term "commercial information," this Court, in *Stewart v. Mitchell Transport,*[11] recently defined the term to mean "information, which, if disclosed would cause substantial economic harm to the competitive position of the entity from whom the information was obtained."[12]

The party moving to quash a subpoena under Rule 45(c)(3)(B)(i) has the burden to establish that the information sought is confidential and that its disclosure will result in a clearly defined and serious injury to the moving party.[13] The claim "must be expressly made and supported by a sufficient description of the nature of the documents, communications, or things not produced so as to enable the demanding party to contest the claim."[14]

The Court determines that Furney Charters, the party moving to quash the subpoena, has not satisfied its burden of showing a "clearly defined and serious injury" that would result from the disclosure of its operating account records held at First National Bank of Wamego, Kansas. Furney Charters' broad, general assertion that production of its operational and payroll bank

**10.** Fed.R.Civ.P. 45(c)(3)(B).

**11.** No. 01–2546–JWL, 2002 WL 1558210, at *8 (D.Kan. July 8, 2002).

**12.** *Stewart,* 2002 WL 1558210, at *8 (quoting *In re S3 Ltd.,* 242 B.R. 872, 876 (Bankr.E.D.Va. 1999) and *Diamond State Ins. Co. v. Rebel Oil Co., Inc.,* 157 F.R.D. 691, 697 (D.Nev.1994)).

**13.** *Id.* (citing *Heat & Control, Inc. v. Hester Indus., Inc.,* 785 F.2d 1017, 1025 (Fed.Cir.1986); *Composition Roofers Union Local 30 Welfare Trust Fund v. Graveley Roofing Enter., Inc.,* 160 F.R.D. 70, 72 (E.D.Pa.1995)).

**14.** *Id.* (quoting *Diamond State Ins.,* 157 F.R.D. at 697–98).

account records would put it at a competitive disadvantage with Transcor, as well as any other carrier, is not sufficient to meet this burden. The Court will therefore decline to grant the motion to quash under Rule 45(c)(3)(B)(i).

 Furney Charters asks the Court, in the event the motion to quash is denied, to enter a protective order protecting the confidentiality of any bank accounts produced pursuant to the bank subpoenas. Given the sensitive nature of the subpoenaed bank accounts, the Court will grant Furney Charters' alternative motion for a protective order prohibiting disclosure of the documents and their contents to non-parties, prohibiting Transcor from using the bank accounts obtained for any commercial advantage, and limiting their use to purposes of this litigation only.

### III.  Conclusion

For the reasons set forth above, the Court grants in part the Motion of Furney Charters, Inc. for an Order Quashing or Modifying Subpoenas Served by Transcor in Kansas or, in the alternative, for a Protective Order (doc. 1). The subpoena served upon the First National Bank of Wamego, Kansas shall be modified to limit the disclosure of documents to Furney Charters' "Visa Account," "Savings/Reserve Account for Business Manager Account," "Business Manager Tracking Account," and operating account only.

The Court further orders that the documents thus produced and the information contained in them shall be protected against unauthorized disclosure. Plaintiff Transcor shall not .disclose the documents or their contents to any non-party and shall not use them for any commercial advantage, and shall limit their use to this litigation only.

IT IS SO ORDERED.