Robert HENDRICKS, et al., Plaintiffs

v.

TOTAL QUALITY LOGISTICS,
LLC, et al., Defendants.

Civil No. 10–649–SJD–JGW.

United States District Court,
S.D. Ohio,
Western Division,
at Cincinnati.

May 6, 2011.

Bruce H. Meizlish, Deborah R. Grayson, Meizlish & Grayson, Cincinnati, OH, for Plaintiffs.

Gregory Michael Utter, Jamie Marie Goetz–Anderson, Rachael Anne Rowe, Keating Muething & Klekamp, Cincinnati, OH, for Defendants.

## MEMORANDUM ORDER

J. GREGORY WEHRMAN, United States Magistrate Judge.

The presiding district judge has referred plaintiffs' motion to quash subpoenas [Doc. 71] to me. For the following reasons, the motion will be granted.

### I. Factual and Procedural History

Plaintiffs are current or former employees of defendant Total Quality Logistics, LLC (TQL) who contend they were not properly paid overtime under the Fair Labor Standards Act (FLSA) and Ohio minimum wage laws. Also named as a defendant is Kenneth Oaks, owner and CEO of TQL. Since the filing of the complaint, many other individuals have joined the action as plaintiffs.

In late March and early April 2011, defendants issued forty-two subpoenas duces tecum to prior and subsequent employers, as well as colleges and universities, of ten named plaintiffs. Defendants failed to provide prior notice to plaintiffs of the subpoenas as required by Fed.R.Civ.P. 45(b). Plaintiffs filed the pending motion to quash, or in the alternative, for a protective order.

### II. Analysis

#### A. Failure to Provide Notice

Rule 45(b)(1) specifically provides that a "notice must be served on each party" before a subpoena which "commands the production of documents" is served. The purpose of that provision is to provide an opposing party a chance to object to the subpoena. *See, e.g., Florida Media, Inc. v. World Publications, LLC,* 236 F.R.D. 693, 694 (M.D.Fla.2006) ("The purpose of the 'prior notice' provision is to give an opposing party the opportunity to object to the subpoena prior to the date set forth in the subpoena."); *GMAC Mortg., LLC v. McKeever,* 2010 WL 1141226, at *2 (E.D.Ky. March 22, 2010) ("The notice requirement of Rule 45 aims to provide opposing parties an opportunity to object before service and to move to quash if necessary.").

It is undisputed that defendants failed to comply with Rule 45's notice provision. However, plaintiffs have suffered no irreversible prejudice from the lack of notice. Plaintiffs were able to lodge their objections to the subpoenas and the Court entered an agreed interim order forestalling compliance with the subpoenas until the motion to quash could be finally resolved. Thus, the Court may move beyond the Rule 45 violation and address the merits of plaintiffs' motion. *See, e.g., McClendon v. TelOhio Credit Union, Inc.,* 2006 WL 2380601, at *3 (S.D.Ohio Aug. 14, 2006) ("although there may have been some technical violation of Rule 45(b), plaintiffs have not been prejudiced by that violation. In such a situation, the Court is entitled to move beyond the alleged violation of Rule 45(b) and look to the merits of the issue of whether the subpoenaed information is properly discoverable.").

### B. The Subpoenas Are Overly Broad

The subpoenas to former and subsequent employers request in relevant part "[a]ny and all personnel documents" pertaining to the named plaintiff. The subpoenas also request "[a]ny and all" documents relating to: payments made to the named plaintiff, correspondence between the employer and plaintiff, allegations of unlawful or improper conduct by plaintiff, plaintiff's separation from employment, and litigation between plaintiff and that employer. Similarly, the subpoenas issued to plaintiffs' former colleges and universities request documents pertaining to "[a]ny and all educational records, including but not limited to: transcripts, teacher evaluations, standardized test results, disciplinary records, absenteeism/tardiness records." Doc. 71, p. 4.

 Plaintiffs argue the subpoenas should be quashed because the information sought is irrelevant and/or the subpoenas are overly broad.[1] "Rule 45 does not list irrelevance or overbreadth as reasons for quashing a subpoena. Courts, however, have held that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26." *Barrington*, 2007 WL 4370647 at *3. Rule 26(b)(1) provides in relevant part that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *See also Transcor, Inc. v. Furney Charters, Inc.*, 212 F.R.D. 588, 591 (D.Kan.2003) ("It is well settled, however, that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26(b). . . . Thus, the court must examine whether a request contained in a subpoena duces tecum is overly broad or seeking irrelevant information under the same standards set forth in Rule 26(b) and as applied

to Rule 34 requests for production.") (footnotes omitted).

 The party seeking to quash a subpoena bears the ultimate burden of proof. *See, e.g., White Mule Co. v. ATC Leasing Co. LLC*, 2008 WL 2680273, at *4 (N.D.Ohio June 25, 2008). If the discovery sought appears "relevant on its face, the party resisting the discovery has the burden to establish the lack of relevance" but "when relevancy is not apparent on the face of the request, the party seeking the discovery has the burden to show the relevancy of the request." *Transcor, Inc.*, 212 F.R.D. at 591.

 Defendants argue plaintiffs' employment and educational records would show whether plaintiffs "previously had education or experience in activities or positions involving the exercise of judgment, the use of discretion, and the development of decision-making skills prior to their" employment with TQL. Doc. 97, p. 6. Perhaps the responses to the subpoenas would provide such information about plaintiffs' previous jobs. But that information would shed little obvious light on whether plaintiffs were exempt from overtime pay requirements while employed by defendant.

And defendants grasp at straws by arguing that the materials sought are relevant because plaintiffs may have told former employers in exit interviews that they (plaintiffs) would be quitting to go to work for TQL because they desired "a position with more authority or more autonomy." Doc. 97, p. 6. Such a rationale is highly attenuated and based upon hope more than a reasonable expectancy of discovering relevant information. Moreover, whether plaintiffs subjectively believed at the time they left their previous employment that their then-prospective employment with TQL would provide more authority or autonomy would not show what actual duties and responsibilities

---

1. A party generally lacks standing to seek to quash a subpoena issued to a nonparty. *See, e.g., Hackmann v. Auto Owners Ins. Co.*, 2009 WL 330314, at *1 (S.D.Ohio Feb. 6, 2009). But a party has a right to object to a subpoena if he/she has a claim of privilege with respect to the materials being sought by the subpoena. *Id.* "[C]ourts have repeatedly found that an individual possess-

es a personal right with respect to information contained in employment records and, thus, has standing to challenge such a subpoena." *Barrington v. Mortage IT, Inc.*, 2007 WL 4370647, at * 2 (S.D.Fla. Dec. 10, 2007). The Court concludes, therefore, that plaintiffs have standing to seek to quash the subpoenas seeking their employment and scholastic records.

plaintiffs ultimately had while employed by TQL. In short, plaintiffs' former job duties and personnel files have little to no bearing on the ultimate legal question of whether plaintiffs were exempt from the FLSA overtime pay requirements while employed by defendant.

This conclusion is supported by the court's holding in the strikingly similar case of *Barrington, supra*. *Barrington* was also an overtime compensation case under the FLSA; as in the case at hand, defendant issued subpoenas duces tecum to plaintiffs' former employers seeking all documents pertaining to plaintiffs (i.e., plaintiffs' personnel files). Plaintiffs objected, claiming the subpoenas sought irrelevant information and were drafted overly broadly. In the course of granting the motion to quash, the court in *Barrington* held as follows:

> The Court finds that the records of Plaintiffs' former employers do not appear relevant to the claims or defenses herein— whether Plaintiffs worked for Defendant more than 40 hours a week without receiving overtime compensation and whether Defendant properly classified Plaintiffs' positions as exempt from the FLSA overtime provisions. Accordingly, Defendant, as the party seeking discovery, must demonstrate the relevancy of the documents sought.
>
> Defendant first argues that the records of Plaintiffs' former employers are relevant to its defense that Plaintiffs were exempt from the overtime provisions. "Whether an employee is exempt or nonexempt under the FLSA is determined by 'the duties actually performed by the employee.'" *Corrigan v. United States*, 68 Fed.Cl. 589, 595 (2005) (quoting 5 C.F.R. § 551.202(I)). Defendant, however, has failed to explain how the records of Plaintiffs' prior employers are relevant to a determination of the duties performed by Plaintiffs (while employed by Defendant) or to any other consideration of exempt status....
>
> Even were the court able to find that Plaintiffs' prior employment history is marginally relevant to their exempt status, the subpoenas duces tecum at issue

are overly broad on their face. They seek "any and all documents, files and records, reflecting or relating to the employment" of each Plaintiff and opt-in Plaintiff, "including but not limited to job application(s), personnel file, interview notes, performance evaluations, termination or resignation notices, payroll records, income tax forms, and any other personnel documents including, but not limited to those maintained by the Human Resources department."

> \* \* \*

> Based on the foregoing, the Court finds that Defendant has failed to meet its burden of establishing that the documents sought by the subpoenas duces tecum directed to Plaintiffs' former employers are relevant to any claim or defense herein. Moreover, the document requests of the subpoenas are overly broad on their face. Accordingly, Plaintiffs' Motion to Quash Subpoenas to Non–Parties, or in the Alternative, Motion for Protective Order (DE 16) is GRANTED and the subpoenas duces tecum directed to the former employers of Plaintiffs and opt-in Plaintiffs are QUASHED.

2007 WL 4370647 at \*4–\*6 (footnotes omitted).

The Court agrees with plaintiffs and the *Barrington* court that the subpoenas to previous employers and colleges and universities attended by plaintiffs are irrelevant to any claim or defense in the present action. At least some of the subpoenas directed to subsequent employers are potentially more relevant, however.

As defendants note, resumes or applications sent to subsequent employers could contain "a Plaintiff's own, contemporaneous description of his duties" or "an admission by a Plaintiff regarding how many hours he typically worked at previous jobs...." Doc. 97, p. 6. But Defendants already should have in their records information showing what hours plaintiffs worked while employed by defendants, as well as the duties and responsibilities each plaintiff had while employed by defendants. It is unclear what, if any, additional information would be obtained by discovering how plaintiffs themselves de-

scribed their employment with TQL to subsequent employers. As plaintiffs note in their reply brief, "[d]efendants will not be forced to rely on the 'self serving' testimony of the Plaintiffs about their job duties as presumably they [defendants] have access to supervisors, managers and documentary evidence of job duties and hours." Doc. 121, p. 3.

Defendant TQL, however, has counterclaimed against six plaintiffs (Hendricks, Ackerman, Bowlin, Donner, McNichols and Spitler) for, among other things, breach of contract. Defendants argue that the subpoenas directed to plaintiffs' subsequent employers are relevant to TQL's counterclaims. Obviously, any subpoenas at hand which are directed at subsequent employers of plaintiffs Cherry, Gross, Paskal, Hardin and Brown would not be relevant to any counterclaim because no counterclaim exists against those plaintiffs. And the counterclaim against defendant McNichols is irrelevant to the motion to quash as no subpoenas were sent seeking information from McNichols' employers or schools. The Court will examine the counterclaims against plaintiffs Hendricks, Ackerman, Bowlin, Donner and Spitler to determine the relevancy of any subpoenas issued to those plaintiffs' subsequent employers.

■ TQL alleged in a state court proceeding that plaintiff Hendricks had violated a non-competition covenant; the parties agreed to a judgment in which Hendricks was to reimburse TQL for attorney fees. The counterclaim in the case at hand alleges only that Hendricks has not paid those attorney fees. Nothing in Hendricks' subsequent employers' personnel files would shed light on whether Hendricks has timely paid the attorney fees to TQL. Thus, the Court disagrees with defendants' argument that documents from Hendricks' subsequent employers "relating to the nature, scope, and duration of Hendricks' employment with them undeniably are relevant to this counterclaim." Doc. 97, p. 7.

■ Defendants do not specifically address how TQL's counterclaims against plaintiffs Ackerman, Bowlin, Donner and Spitler are relevant to those plaintiffs' subsequent employers' personnel files. TQL's counterclaim against plaintiff Bowlin is for reimbursement of a relocation allowance. Nothing in Bowlin's subsequent employer's personnel files would appear relevant at all to that issue. Remaining are only TQL's counterclaims against plaintiffs Ackerman, Donner and Spitler. Those counterclaims are generally for breach of contract stemming from those plaintiffs' alleged usage at subsequent employers of information or client contacts gained while working for TQL. Under the expansive definition of relevancy mentioned previously, perhaps subpoenas directed at those three plaintiffs' subsequent employers could yield information relevant to TQL's counterclaims.

In summary, the Court concludes the subpoenas to plaintiffs' former employers and schools all seek irrelevant information. The Court likewise concludes that any subpoenas sent to subsequent employers of plaintiffs Cherry, Gross, Paskal, Hardin and Brown are irrelevant as no counterclaim exists against those plaintiffs. Additionally, subpoenas sent to subsequent employers of plaintiffs Bowlin and Hendricks do not seek relevant information as defendant's counterclaims are not related to any information which may be held by those plaintiffs' subsequent employers. Thus, only subpoenas sent to subsequent employers of Ackerman, Donner and Spitler seek information which is not patently irrelevant.

■ Even though that limited group of subpoenas seeks relevant information, the Court will grant the motion to quash because all of the subpoenas at issue, including any to subsequent employers of Ackerman, Donner and Spitler, are too broad. Indeed, it is difficult to conceive of subpoenas which could be more expansively written than those at issue.[2] As plaintiffs correctly note, "the subpoenas to former and subsequent employers

**2.** The Court's conclusion is not altered by the fact that plaintiffs issued discovery requests seeking "any and all" documents from defendants. Plaintiffs were seeking information from another party pertaining to plaintiffs themselves. That is clearly distinguishable from defendants' subpoenas, which seek personal information about plaintiffs from non-parties.

could lead to the production of medical information, child support, garnishment orders and other documents that are completely extraneous to this litigation and of a personal nature." Doc. 121, p. 5. And the subpoenas directed to plaintiffs' former schools seek, among other things, standardized test scores and evaluations by professors. It cannot be reasonably disputed that such scholastic material is entirely irrelevant to whether plaintiffs were exempt from the FLSA's overtime pay requirements. In short, compliance with the subpoenas will result in defendants receiving a plethora of documents, the vast majority of which would be completely unrelated to any possible issue in this case. *See Barrington*, 2007 WL 4370647 at *4 (quashing subpoenas for being overly broad); *Richards v. Convergys Corp.*, 2007 WL 474012, at *4 (D.Utah Feb. 7, 2007) ("the subpoenas at issue in this case make broad requests for all documents regarding Richards' employment. While the subpoenaed entities may possess documents that would lead to discovery of admissible evidence as discussed above, a blanket request for all documents regarding Richards' employment is overly broad. The court therefore will quash the subpoenas.").

Thus, the Court concludes that the subpoenas to plaintiffs' former employers and former colleges and universities should be quashed on both relevancy and overbreadth grounds. The subpoenas directed to subsequent employers of plaintiffs Cherry, Gross, Paskal, Hardin, Brown, Bowlin and Hendricks should be quashed on both relevancy and overbreadth grounds. The subpoenas directed to subsequent employers of plaintiffs Ackerman, Donner and Spitler should be quashed on overbreadth grounds. If defendants desires relevant information from subsequent employers of plaintiffs Ackerman, Donner and Spitler, defendants must draft a far more narrow set of subpoenas. *Richards*, 2007 WL 474012 at *4 (quashing subpoenas as being overly broad but holding that defendant "is free to redraft subpoenas which are narrower in scope and reasonably calculated to lead to the discovery of admissible evidence.").

## III. Conclusion

For the foregoing reasons, it is **ORDERED:**

1. Plaintiffs' motion to quash [Doc. 71] is **granted;** and

2. Pursuant to the Court's interim order, defendants shall turn over to plaintiffs all materials received as a result of the subpoenas at issue without viewing or using those materials.