**UNITED SERVICES AUTOMOBILE ASSOCIATION ("USAA"), Plaintiff,**

v.

**MITEK SYSTEMS, INC., a Delaware Corporation, Defendant.**

**Civ. No. SA–12–CV–282–FB.**

United States District Court, W.D. Texas, San Antonio Division.

Feb. 15, 2013.

R. Laurence Macon, Karen Kroesche Gulde, Kirt S. O'Neill, Akin, Gump, Strauss, Hauer & Feld, LLP, San Antonio, TX, David Francescani, Michael T. Zoppo, Fish & Richardson, P.C., New York, NY, for Plaintiff.

Christopher D. Mays, James C. Yoon, Kirin K. Gill, Ryan R. Smith, Wilson, Sonsini, Goodrich & Rosati, Palo Alto, CA, Leslie Sara Hyman, Pulman, Cappuccio, Pullen & Benson, LLP, San Antonio, TX, M. Craig Tyler, Wilson Sonsini Goodrich & Rosati, PC, Austin, TX, Charles Tait Graves, Corina I. Cacovean, Wilson Sonsini Goodrich & Rosati, San Francisco, CA, for Defendant.

### ORDER

JOHN W. PRIMOMO, United States Magistrate Judge.

Before the Court are the following motions; defendant, Mitek Systems, Inc.'s ("Mitek") Motion Requiring Pre-discovery Identification of Trade Secret Claims (docket nos. 51 and 63), to which United Services Automobile Association ("USAA") has responded (docket no. 58); USAA's Motion for Leave to Supplement Response to Mitek's Motion for Pre–Discovery Identification of Trade Secrets (docket no. 69), to which Mitek has responded (docket no. 71); and USAA's Motion for Leave to File Under Seal Certain Exhibits to USAA's Supplement to Its Response in Opposition to Mitek's Motion for Pre–Discovery Identification of Trade Secret Claims (docket no. 70), to which Mitek has responded (docket no. 73). Additionally, the Court considers USAA's Motion for Leave to File Under Seal Certain Exhibits to Plaintiff's Second Amended Complaint and Plaintiff's Amended First Supplement to Answer and Counterclaims (docket no. 62), to which Mitek has responded (docket no. 67); Mitek's Motion for Leave to File Under Seal Motion to Compel Complete Response to Interrogatory No. 2 and Exhibits B and C to Cacovean Declaration in Support of Motion to Compel (docket nos. 73, 74 and 82), to which USAA has responded (docket no. 78); USAA's Motion for Leave to File Under Seal Exhibit 1 to USAA's Response to Motion to Compel (docket no. 79); USAA's Motion to Compel (docket no. 87), to which Mitek has responded (docket no. 89); USAA's Motion for Leave to File Under Seal Exhibit to USAA's Motion to Compel (docket no. 88); and Mitek's Motion to Compel Response to Interrogatory No. 14 (docket nos. 90, 94), to which USAA has responded (docket no. 93).

Upon consideration, Mitek's Motion Requiring Pre–Discovery Identification of Trade Secret Claims is **GRANTED** (docket no. 51); USAA's Motion for Leave to Supplement Response to Mitek's Motion for Pre–Discovery is **GRANTED** (docket no. 69); USAA's Motion for Leave to File Under Seal Certain Exhibits to USAA's Supplement to Its Response in Opposition to Mitek's Motion for Pre–Discovery Identification of Trade Secret Claims is **GRANTED** (docket no. 70); USAA's Motion for Leave to File Under Seal Certain Exhibits to Plaintiff's Second Amended Complaint and Plaintiff's Amended First Supplement to Answer and Counterclaims is **DISMISSED AS MOOT** (docket no. 62); Mitek's Motion for Leave to File Under Seal (1) Motion to Compel Complete Response to Interrogatory No. 2 and Exhibits B and C to Cacovean Declaration in Support of Motion to Compel is **DISMISSED AS MOOT** (docket no. 73); USAA's Motion for Leave to File Under Seal Exhibit 1 to USAA's Response to Motion to Compel is **DISMISSED AS MOOT** (docket no. 79); USAA's Motion to Compel is **DISMISSED SUBJECT TO BEING REURGED AT A LATER DATE** (docket no. 87); USAA's Motion for Leave to File Under Seal Exhibit to USAA's Motion to Compel is **DISMISSED AS MOOT** (docket no. 88); and Mitek's Motion to Compel Response to Interrogatory No. 14 (docket no. 90) is **DISMISSED AS MOOT.**

### Discussion

The facts of the case have been omitted here but are set out in the Court's Memoran-

dum and Recommendation issued simultaneously with this Order. Suffice it to say that this suit pertains to who has superior rights to the intellectual property at issue. Mitek claims it does because it has a patent on the product at issue, and licensed its software to USAA to enable USAA to utilize its own product. USAA maintains it has superior rights to the intellectual property at issue because it too patented its product and moreover, it made various trade secrets available to Mitek during the relevant time frame, subject to three confidentiality agreements, and Mitek then allegedly misappropriated these trade secrets for its own use in developing its product. Due to the confidential nature of the intellectual property at issue, the parties filed a "Joint Motion for Protective Order" that was granted on November 28, 2012. (Docket nos. 50 and 54). Presumably, this Order sufficiently limits the dissemination of the parties' confidential materials to the parties' satisfaction. Even so, both sides are naturally reluctant to unnecessarily disclose confidential information to each other as evidenced by the discovery motions that have been filed, resulting in both parties' inability to obtain information central to their respective claims and defenses.

Nevertheless, it is well settled that parties may obtain discovery regarding any non privileged matter that is relevant to the parties' claims or defenses. F.R.C.P. 26(b)(1). Additionally, pursuant to Rule 26, discoverable material is not limited to admissible evidence, and includes anything "reasonably calculated to lead to the discovery of admissible evidence." *Id.; Coughlin v. Lee,* 946 F.2d 1152, 1158 (5th Cir.1991). Following this guidance, courts construe Rule 26 broadly, and generally hold a request for discovery should be allowed "unless it is clear that the information sought can have no possible bearing" on the claim or defense of a party. *Sheldon v. Vermonty,* 204 F.R.D. 679, 689–90 (D.Kan.2001) (citations omitted).

If the information sought appears relevant on its face, the party from whom discovery is sought bears the burden to establish lack of relevance by demonstrating the information sought: (1) is not within the broad scope of relevance defined by Rule 26(b)(1), or (2) is of such marginal relevance that the potential harm it may cause outweighs the presumption in favor of broad disclosure. *Transcor, Inc. v. Furney Charters, Inc.,* 212 F.R.D. 588, 591 (D.Kan.2003). Conversely, if the information sought does not appear relevant, on its face, the party seeking the information bears the burden of establishing its relevance. *Id.*

USAA's First Amended Complaint alleges that prior to disclosing its RDC Invention to Mitek, USAA required Mitek to execute a confidentiality agreement, dated May 12, 2006. Two subsequent confidentiality agreements were also entered into by the parties on February 7, 2008, and March 28, 2008. USAA alleges that "Mitek knew or should have known when it incorporated USAA's proprietary discoveries, ideas, concepts, and development plans and procedures into its software and patent applications, that such use was unauthorized use of proprietary USAA information." (Docket no. 16).

## I. Motions Regarding Pre–Discovery Identification

Mitek initially moves to have the court issue an order requiring USAA "to serve a reasonably particular identification of each alleged trade secret it contends that Mitek misappropriated before USAA commences discovery on its trade secret related causes of action." (Docket no. 51). More specifically, Mitek requests "that before USAA can commence discovery on the cause of actions relating to its trade secret misappropriations claims, USAA must provide a list to Mitek that (1) separately breaks out each of the individual alleged trade secrets that USAA claims Mitek has misappropriated; and (2) identifies all such claims with sufficient particularity so that the reader understands how each such claim differs from public domain information—including public USAA patent filings." Mitek maintains that Pre–Discovery Identification is necessary for the following reasons: 1) to ensure Mitek has fair notice of the charges when the case commences, rather than at the close of discovery; 2) to assist the Court in setting the boundaries for the scope of discovery; and 3) to prevent the

plaintiff from using the discovery process as a fishing expedition and molding its claims around what it finds.

USAA opposes the motion, arguing that there is no Pre–Discovery Identification requirement in the Fifth Circuit or Texas; Mitek has already sought the same trade secret identification through ordinary discovery; and the relief sought is impractical due to overlapping facts and claims. USAA has also filed a Motion for Leave to Supplement its Response to Mitek's Motion for Pre–Discovery (docket no. 69), and a Motion for Leave to File Under Seal Certain Exhibits to USAA's Supplement to its Response in Opposition to Mitek's Motion (docket no. 70). USAA argues that Mitek's motion is now moot because "USAA's responses to Mitek's trade secret interrogatories provide Mitek with the exact information Mitek requested in its Motion. Specifically, USAA's responses to Mitek's Interrogatory Nos. 2, 3, 4, 5, 6 and 7, thoroughly identify USAA's trade secret claims." Because resolution of USAA's mootness argument would end this Court's inquiry, the Court addresses this argument first.

 Mitek propounded the following interrogatories to USAA, pertaining to USAA's allegations regarding the trade secrets USAA alleges Mitek misappropriated:

> INTERROGATORY NO. 2: IDENTIFY WITH PRECISION AND SPECIFICITY EACH AND EVERY ALLEGED TRADE SECRET that USAA contends Mitek misappropriated from USAA.[1]

> INTERROGATORY NO. 3: For each ALLEGED TRADE SECRET that USAA identified in response to Interrogatory No. 2, identify with precision and specificity the individual(s) USAA contends first created each ALLEGED TRADE SECRET and the date(s) of such creation.

> INTERROGATORY NO. 4: For each ALLEGED TRADE SECRET that USAA identified in response to Interrogatory No. 2, identify with precision and specificity every THIRD PARTY to whom USAA has ever disclosed each such ALLEGED TRADE SECRET.

> INTERROGATORY NO. 5: For each ALLEGED TRADE SECRET that USAA identified in response to Interrogatory No. 2, identify with precision and specificity the circumstances under which USAA contends MITEK received or otherwise obtained each ALLEGED TRADE SECRET from USAA, including but not limited to the date(s) when USAA contends MITEK received or obtained each ALLEGED TRADE SECRET, the identity of the Mitek employee(s) who received or obtained each ALLEGED TRADE SECRET, and any USAA employee(s) who have personal knowledge of each such event.

> INTERROGATORY NO. 6: With respect to USAA's contention that MITEK used one or more of USAA's ALLEGED TRADE SECRETS without authorization, separately identify each such alleged use with precision and specificity, including but not limited to the date(s) of alleged use, place(s) of alleged use, person(s) who put such information to alleged use, witnesses to each alleged use, and exact manner in which each alleged use was effectuated.

> INTERROGATORY NO. 7: With respect to USAA's contention that MITEK disclosed one or more of USAA's ALLEGED TRADE SECRETS without authorization, separately identify each such alleged disclosure with precision and specificity, including but not limited to the date(s) of alleged disclosure, place(s) of alleged disclosure, person(s) who made each such disclosure, recipient(s) of each such disclosure, witnesses to each alleged disclosure,

---

1. Mitek also provided the following definition:
 "IDENTIFY WITH PRECISION AND SPECIFICITY EACH AND EVERY ALLEGED TRADE SECRET" as used herein means to provide a specific description of each such alleged trade secret, on an individual basis for each such alleged trade secret, in such a manner that the exact identity, scope, boundaries, constitutive elements, and content of each such alleged trade secret are fully disclosed in writing, in contrast to an agglomerated set of conclusory phrases that does not separately list and describe each such alleged trade secret, in contrast to a mere list of documents or file names, and with precision above that required by any applicable pre-discovery trade secret claim identification requirement. (Docket no. 73, Declaration of C. Cacovean, Exh. A at 4–5).

and exact manner in which each alleged disclosure was effectuated.

In response to Interrogatory No. 2, USAA provided the following:

> USAA objects to this interrogatory because it is vague, ambiguous, overly broad, and unduly burdensome in that it asks USAA to "identify with precision and specificity each and every alleged trade secret." USAA also objects to this interrogatory because it is a premature contention interrogatory that seeks a comprehensive identification of relevant facts before discovery has been obtained from Mitek and seeks legal conclusions in the nature of an application of the law to facts.

Subject to this objection, USAA provided its response. Mitek then filed a motion to compel seeking an order requiring USAA to provide a complete response to Mitek's Interrogatory No. 2 by "specifically and precisely describing each alleged trade secret USAA contends Mitek misappropriated." Although the parties subsequently resolved their dispute concerning ambiguous language utilized by USAA in its response, Mitek contends in its motion to compel that a more detailed response with respect to seven USAA trade secret claims is still required. In view of USAA's objection that this interrogatory is "a premature contention interrogatory that seeks a comprehensive identification of relevant facts before discovery has been obtained," the Court rejects USAA's contention that Mitek's motion for Pre–Discovery Identification is moot.

A number of states have enacted procedures requiring that trade secrets be identified before discovery commences. *See, e.g., Powerweb Energy, Inc. v. Hubbell Lighting, Inc.,* 2012 WL 3113162, *1–2 (D.Conn. July 31, 2012); *Switch Comm. Group v. Ballard,* 2012 WL 2342929, *4–5 (D.Nev. June 19, 2012); *Avaya Inc. v. Cisco Sys., Inc.,* 2011 WL 4962817, *2 (D.N.J. Oct. 18, 2011); *L–3 Comm. Corp. v. Jaxon Eng'g & Maint., Inc.,* No. 10–cv–02868–MSK–KMT (D.Col. Oct. 12, 2011); *Ikon Office Sol., Inc. v. Konica Minolta Bus. Sol. USA, Inc.,* 2009 WL 4429156, *4 (W.D.N.C.2009); *Giasson Aerospace Science, Inc. v. RCO Eng'g,* 2009 WL 1384179, *2 (E.D.Mich.2009); *Storagecraft Tech. Corp.*

*v. Symantec Corp.,* 2009 WL 361282, *2 (D.Utah Feb. 11, 2009); *DeRubeis v. Witten Tech., Inc.,* 244 F.R.D. 676, 682 (N.D.Ga. 2007); *AutoMed Tech., Inc. v. Eller,* 160 F.Supp.2d 915, 925–26 (N.D.Ill.2001); *Porous Media Corp. v. Midland Brake, Inc.,* 187 F.R.D. 598, 600 (D.Minn.1999); *Leucadia, Inc. v. Applied Extrusion Tech., Inc.,* 755 F.Supp. 635, 637 (D.Del.1991); *see also L–3 Comm. Corp. v. Reveal Imaging Tech., Inc.,* 2004 WL 2915743, *13 (Mass.Sup.Ct. Dec. 2, 2004) (unpublished). The purpose for this procedural rule is to "prevent trade secret related discovery from beginning before a particular trade secret has been identified." *See MedioStream, Inc. v. Microsoft Corp.,* 749 F.Supp.2d 507, 517–8 (E.D.Tex.2010)(*citing Perlan Therapeutics, Inc. v. Superior Court,* 178 Cal.App.4th 1333, 101 Cal.Rptr.3d 211, 220 (Cal.Ct.App.2009)). This allows "well-investigated claims" to proceed while discouraging meritless trade secret claims. *Perlan Therapeutics, Inc.,* 101 Cal.Rptr.3d at 220. Pre–Discovery Identification also "assists the court in framing the appropriate scope of discovery and in determining whether plaintiff's discovery requests fall within that scope"; moreover, it provides defendants with an equal playing field, allowing them ample time and opportunity to develop their defense rather than ambushing them on the eve of trial. *Id.* Finally, it allows the Court to utilize its resources more effectively by exposing the viable claims, permitting early dismissal of the nonviable claims, and allowing the case to proceed unfettered by needless discovery disputes pertaining to unquestionably relevant information central to the parties' claims and/or defenses.

Although neither Texas nor Fifth Circuit law requires Pre–Discovery Identification, the Federal Rules of Civil Procedure provide a mechanism for fostering the same goal of facilitating discovery in unique cases. Rule 16(c)(2)(L) provides the district court with *broad discretion* to "adopt[ ] special procedures for managing potentially difficult or protracted actions that may involve complex issues, multiple parties, difficult legal questions, or unusual proof problems." FED. R.CIV.P. 16(c)(2)(L); *see also, Steering Comm. v. Exxon Mobil Corp.,* 461 F.3d 598, 604 (5th Cir.2006)(noting the use of a pre-

discovery order in a mass tort litigation case in order to "streamline" case by facilitating disposition of plaintiffs' claims); *Acuna v. Brown & Root Inc.,* 200 F.3d 335, 340 (5th Cir.2000) (noting that "Lone Pine" orders, "designed to handle the complex issues and potential burdens on defendants and the courts in mass tort litigation," "are issued under the wide discretion afforded district judges over the management of discovery under Fed.R.Civ.P. 16."). Pursuant to Rule 16, Pre–Discovery Identification is available to assist the Court in managing cases, such as the present case, that may involve complex issues or unusual proof problems. Accordingly, the Court finds Mitek's motion for Pre–Discovery Identification of Trade Secrets has merit and should be **GRANTED**. (Docket no. 51).

**IT IS THEREFORE ORDERED** that USAA provide a list to Mitek that (1) separately breaks out each of the individual alleged trade secrets that USAA claims Mitek has misappropriated; and (2) identifies all such claims with sufficient particularity so that the reader understands how each such claim differs from public domain information—including public USAA patent filings. USAA should serve this list no later than fourteen days (14) from the date of this Order.

USAA's Motion for Leave to Supplement its Response to Mitek's Motion for Pre–Discovery is **GRANTED** (docket no. 69); and USAA's Motion for Leave to File Under Seal Certain Exhibits to USAA's Supplement to its Response in Opposition to Mitek's Motion is also **GRANTED** (docket no. 70).[2]

## II. Motion Pertaining to Plaintiff's Second Amended Complaint

USAA also seeks leave to file under seal certain exhibits in support of Plaintiff's Second Amended Complaint and Plaintiff's Amended First Supplement to Answer and Counterclaims (docket no. 62). This Court previously issued its recommendation that USAA's motion for leave to amend be denied. Accordingly, USAA's motion to file exhibits to this motion under seal is **DISMISSED AS MOOT**. (Docket no. 62).

## III. Mitek's Motion to Compel Response to Interrogatory No. 2

On January 2, 2013, Mitek filed a motion for leave to file under seal its Motion to Compel Complete Response to Interrogatory No. 2 and Exhibits B and C to Cacovean Declaration in Support of Motion to Compel (docket nos. 73, 74 and 82). On January 17, 2013, Mitek filed an advisory stating that there had been a partial resolution of its Motion to Compel. (Docket no. 84). Still remaining is Mitek's contention that USAA provide a more detailed response with respect to seven USAA trade secret claims. However, in light of this Court's ruling that USAA must provide a list to Mitek "that (1) separately breaks out each of the individual alleged trade secrets that USAA claims Mitek has misappropriated; and (2) identifies all such claims with sufficient particularity so that the reader understands how each such claim differs from public domain information—including public USAA patent filings," Mitek's motion to compel is **DISMISSED AS MOOT**. (Docket no. 73). USAA's Motion for Leave to File Under Seal Exhibit 1 to USAA's Response to Motion to Compel is also **DISMISSED AS MOOT**. (Docket no. 79).

## IV. USAA's Motion to Compel

USAA moves the Court for an order compelling Mitek to supplement its responses to USAA's Interrogatories Nos. 7, 11 and 12 (docket no. 87). These interrogatories provide as follows:

> INTERROGATORY NO. 7: Identify all patents and patent applications under which Mitek possesses any rights (either by ownership, license, or other rights) that Mitek asserts or believes cover any portion of the devices and systems used by USAA for processing a check via the delivery of a check image, or for remotely depositing financial documents, including identifica-

**2.** Mitek filed a response to this motion, stating that it concurred in the filing under seal. (Docket no. 71).

tion of the specific patent claims and accused product features.

INTERROGATORY NO. 11: Describe in complete detail the factual and legal basis and supporting evidence, using element-by-element claim charts, for each act of alleged infringement (i.e., each act of direct infringement by USAA, each act of direct infringement by a third party, and each act by USAA inducing or contributing to the third party's direct infringement) for which Mitek contends USAA bears any liability. INTERROGATORY NO. 12: Describe in complete detail the factual and legal basis and supporting evidence for Mitek's contention that USAA's alleged infringement is willful.

USAA complains that Mitek refuses to answer these interrogatories and further, that Mitek has done little to advance its patent infringement case against USAA. USAA maintains that Mitek has the burden of early disclosure of its patent infringement claims and seeks costs incurred in bringing this motion to compel responses to USAA's interrogatories.

█ However, USAA filed this suit, seeking a declaratory judgment of non-infringement, invalidity, and unenforceability of five United States Patents. USAA also alleged trade secret misappropriation, breach of confidentiality agreements, and fraud. In response, Mitek filed its answer and counterclaim, wherein Mitek "admit[ted] that USAA purports to: (1) deny infringement of the Asserted Patents; (2) seek declaratory judgment of non-infringement, invalidity, and unenforceability; and (3) in the event the Asserted Patents are not invalid and not unenforceable, seek judgment that inventorship should be corrected, but Mitek denies that USAA's claims are valid or sustainable." (Docket no. 48). Mitek also brought a separate suit, alleging that USAA infringed the same patents USAA alleged were unenforceable. (Docket no. 29). This case was subsequently transferred and has been consolidated with USAA's suit. Given that USAA first alleged that Mitek's patents were invalid based on Mitek's purported misappropriation of USAA's trade secrets, the Court finds USAA's argument that Mitek has the burden of early disclosure with respect to its patent infringement claims unavailing.

In light of this Court's ruling with respect to Mitek's Motion for Pre–Discovery Identification of USAA's Trade Secret Claims, USAA's motion to compel is **DISMISSED SUBJECT TO BEING REURGED AT A LATER DATE.** (Docket no. 87). Following USAA's identification of trade secrets pursuant to this order, the Court expects Mitek to supplement its answer accordingly. USAA's motion for Leave to File Under Seal Exhibit to USAA's Motion to Compel is also **DISMISSED AS MOOT.** (Docket no. 88).

## V. Mitek's Motion to Compel Response to Interrogatory No. 14

On February 4, 2013, Mitek filed its Motion to Compel Response to Interrogatory No. 14. (Docket no. 90). Following the filing of USAA's response, Mitek filed an advisory stating that USAA has provided a response to the interrogatory in question, and the motion is moot. (Docket no. 94). Mitek's Motion to Compel Response to Interrogatory No. 14 is **DISMISSED AS MOOT.**

Rule 37, Fed.R.Civ.P., addressing failures to make disclosures or to cooperate in discovery *requires* the payment of attorneys' fees, after an opportunity to be heard. The parties are advised that this Court intends to award attorneys' fees to the prevailing party whenever a Rule 37 motion is filed. Each motion and response must include the numbers of hours expended in prosecuting or defending against the motion, as well as argument explaining why attorneys' fees should not be awarded against your client should the other party prevail.

### Conclusion

For the foregoing reasons, Mitek's Motion Requiring Pre–Discovery Identification of Trade Secret Claims is **GRANTED** (docket no. 51); USAA's Motion for Leave to Supplement Response to Mitek's Motion for Pre–Discovery is **GRANTED** (docket no. 69); USAA's Motion for Leave to File Under Seal Certain Exhibits to USAA's Supplement to Its Response in Opposition to Mitek's Motion for Pre–Discovery Identification of Trade Se-

cret Claims is **GRANTED** (docket no. 70); USAA's Motion for Leave to File Under Seal Certain Exhibits to Plaintiff's Second Amended Complaint and Plaintiff's Amended First Supplement to Answer and Counterclaims is **DISMISSED AS MOOT** (docket no. 62); Mitek's Motion for Leave to File Under Seal (1) Motion to Compel Complete Response to Interrogatory No. 2 and Exhibits B and C to Cacovean Declaration in Support of Motion to Compel is **DISMISSED AS MOOT** (docket no. 73); USAA's Motion for Leave to File Under Seal Exhibit 1 to USAA's Response to Motion to Compel is **DISMISSED AS MOOT** (docket no. 79); USAA's Motion to Compel is **DISMISSED SUBJECT TO BEING REURGED AT A LATER DATE** (docket no. 87); USAA's Motion for Leave to File Under Seal Exhibit to USAA's Motion to Compel is **DISMISSED AS MOOT** (docket no. 88); and Mitek's Motion to Compel Response to Interrogatory No. 14 (docket no. 90) is **DISMISSED AS MOOT.**

It is so **ORDERED.**